McDonald, justice.
In a two-count information the state charged Fuller with second-degree felony murder under section 782.04, Florida Statutes (1979), and unlawful display of a firearm during commission of a felony under section 790.07, Florida Statutes (1979). On appeal the district court vacated Fuller’s sentence for display of a firearm, finding that crime to be a lesser included offense of second-degree felony murder. Fuller v. State, 414 So.2d 264, 266 (Fla. 3d DCA 1982). We recently held that a firearms charge pursuant to section 790.07 is not a lesser included offense of first-degree murder. State v. Baker, 456 So.2d 419 (Fla. 1984). The same reasoning applies here, and we therefore quash that portion of the district court opinion which vacates Fuller’s *358 second sentence and order that the sentence be reinstated.
We approve the remainder of the district court opinion which holds that the trial court did not commit fundamental error by refusing to instruct the jury on an underlying nonenumerated felony (aggravated assault) of the lesser degree charge of third-degree murder. The jury convicted Fuller of third-degree murder. At trial he neither requested, nor objected to the failure to give, an instruction on or definition of any underlying felony. Absent a finding of fundamental error, he is, therefore, precluded from raising this point on appeal. See Adams v. State, 412 So.2d 850 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 182, 74 L.Ed.2d 148 (1982).
Moreover, the state did not base its case upon proof of the commission of an underlying felony. This case is, therefore, distinguishable from Robles v. State, 188 So.2d 789 (Fla.1966), where the basis of a first-degree murder conviction was an underlying enumerated felony. Here, the state sought to prove second-degree murder. The state had no need to define other felonies not a fundamental part, or necessary for the understanding, of the charges brought. The jury’s verdict of third-degree murder was no more and no less than a jury pardon downward one degree.
We approve in part and quash in part the district court opinion.
It is so ordered.
BOYD, C.J., and ALDERMAN, EHRLICH and SHAW, JJ., concur.
ADKINS and OVERTON, JJ., dissent with an opinion.