GRIMES, Acting Chief Judge.
Appellant was charged with second degree murder and was convicted of third degree murder. On appeal he contends that the trial court erred by: (1) failing to instruct the jury on excusable homicide; (2) instructing the jury on third degree murder without instructing on an underlying felony; and (3) failing to give appellant’s specially requested instruction on justifiable homicide.[1]
On the night of November 3, 1981, George Southerland, Joyce Gunter, and Winston Shiver met at the 39 Truck Stop Restaurant in Plant City. As they were sitting in a booth, appellant and Eddie Yon entered the restaurant. The appellant was wearing a cowboy hat and had two earrings in one ear. Shiver addressed a disparaging remark to appellant. The appellant sat in the adjoining booth and words were exchanged.
Eventually, Southerland, Gunter, and Shiver left the restaurant and proceeded to Southerland’s car. The three of them sat in the front seat with Shiver on the passenger side. Shortly thereafter, appellant and Yon pulled up to the passenger side of the car in a pickup truck. Appellant asked Shiver and his companions what their problem was. According to Southerland, Shiver got out of the car and appellant shot him. Appellant then fired at Southerland. Southerland attempted to return fire, but only one bullet was successfully fired. Southerland denied firing his gun first.
Appellant testified that when Shiver exited the car, he said he was “going to get me a queer cowboy.” As Shiver reached into his pocket, appellant picked up a pistol from the front seat of the pickup truck and pointed it out the window. Appellant then said he saw a flash and by reflex fired the pistol, killing Shiver. Appellant fired two more shots in the direction of the flash and fled.
The court instructed the jury on second degree murder, third degree murder, manslaughter, and justifiable homicide. The court refused appellant’s request to instruct on excusable homicide. No instruction was requested or given on any underlying felony to third degree murder. The court gave the standard jury instruction on justifiable homicide but denied appellant’s specially requested instruction on the same subject.
Where there is any evidence which supports a theory of the defense, a defendant is entitled to have the jury ⅛ structed on the law applicable to his theory when he so requests. Bryant v. State, 412 So.2d 347 (Fla.1982). If appellant’s testimony were believed, he picked up the gun in self-defense and fired it by accident when he saw a flash. Therefore, his theory of excusable homicide was arguably supported by evidence in the case. The court erred in refusing his request to instruct on excusable homicide.[2]
As to the trial court’s failure to instruct the jury concerning an underlying felony to third degree murder, we find that appellant did not preserve this issue for appellate review. To meet the objectives of the contemporaneous objection rule, an objection must be sufficiently specific both to apprise the judge of the putative error and to preserve the issue for intelligent review on appeal. Castor v. State, 365 *1088 So.2d 701 (Fla.1978). The record in this case shows that at the conclusion of the jury instructions given by the court, defense counsel only stated, “I also object to the third degree murder charge as it was given.” The failure to instruct on any felony underlying the lesser included charge of third degree murder is not fundamental error. State v. Fuller, 455 So.2d 357 (Fla.1984).
Finally, we find no error in the trial court’s refusal to give appellant’s specially requested instruction on justifiable homicide. The proposed instruction was as follows: “If the killing of one party is excusable or justifiable, then the unintended killing of another party is also excusable or justifiable.” A review of the evidence in this case clearly demonstrates that such an instruction would have been inappropriate. There was no basis to suggest that appellant’s unintentional killing of one party was predicated upon excusable or justifiable conduct directed toward another.
We hold that the trial court erred in failing to instruct the jury on excusable homicide. Accordingly, the judgment and sentence is reversed and the case is remanded for a new trial.
OTT and LEHAN, JJ., concur.

. In light of our disposition of this case, we need not address appellant’s fourth point which involves an alleged sentencing error.

. Homicide is not unlawful if excusably or justifiably committed. Therefore, the court’s refusal to give any instruction whatsoever on excusable homicide may have been error, even if it could be said that there was no evidence to support the defense. See Henry v. State, 359 So.2d 864 (Fla.1978).