613 So.2d 530 (1993)
Bryan MILLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-1401.
District Court of Appeal of Florida, Third District.
January 26, 1993.
Rehearing Denied March 16, 1993.
*531 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Roberta G. Mandel, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
This is an appeal by the defendant Bryan Miller from a judgment of conviction and sentence for aggravated assault. The defendant's sole point on appeal is that the trial court erred in refusing to instruct the jury on the justifiable use of non-deadly force [Fla.Std. Jury Instr. 3.04(e)], and, instead, instructing the jury on the justifiable use of deadly force [Fla.Std. Jury Instr. 3.04(d)]. We find no reversible error in this point and affirm.
At trial the state adduced evidence tending to show that the defendant pointed a gun at the complainant and pulled the trigger, resulting in a misfire, and that after the complainant fled, a shot was, in fact, fired by the defendant. The defendant testified at trial that he did not point his gun at the complainant, but instead fired a warning shot in the air when, he said, the complainant advanced on him with a stick. The defendant contends that he was therefore entitled to a jury instruction on the justifiable use of non-deadly force because his trial testimony supported this defense. We cannot agree because, simply stated, the defendant's testimony does not support a defense of justifiable use of non-deadly force, but, at best, only a defense of justifiable use of deadly force.
Firing a firearm in the air, even as a socalled "warning shot," constitutes as a matter of law the use of deadly force, that is, the use of a force likely to cause death or great bodily harm  and is not, as urged, the use of force not likely to cause death or great bodily harm. A firearm is, by definition, a deadly weapon which fires projectiles likely to cause death or great bodily harm; whenever it is fired in the vicinity of human beings, as here, there is real danger that the fired projectile may hit someone, even if not aimed at anyone, as such projectiles are quite capable of ricocheting off nearby objects and hitting people in the area. Consequently, no reversible error is presented in the refusal to give a jury instruction on the justifiable use of non-deadly force. At best, the defendant was entitled, if at all, to a jury instruction on the justifiable use of deadly force which was, in fact, given in this case. Bello v. State, 547 So.2d 914, 916 (Fla. 1989); State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Affirmed.