ALLEN, Judge.
The appellant appeals from his conviction and sentence for aggravated battery. At trial, the appellant’s primary defense was that he acted in self-defense. The judge gave the standard jury instruction on justifiable use of nondeadly force, which advised the jury that “[t]he defendant cannot justify his use of force not likely to cause death or great bodily harm unless he used every reasonable means within his power and consistent with his own safety to avoid the danger before resorting to that force.” Although this instruction represents an inaccurate statement of the law on the use of nondeadly force, we find the error in this instance to be harmless and affirm.
A person is justified in the use of nondeadly force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other’s imminent use of unlawful force. See section 776.012, Florida Statutes (1991). While Florida law requires a defender against violent attack to retreat before using deadly force, there is no such requirement before using nondeadly force. Redondo v. State, 380 So.2d 1107 (Fla. 3d DCA1980), affirmed in part, quashed in part on oth *561 er grounds, 403 So.2d 954 (Fla.1981). At the time of the appellant’s trial, the standard jury instruction for justifiable use of nondeadly force included the erroneous instruction given by the trial court, but the erroneous instruction was recently deleted. See Standard Jury Instructions — Criminal Cases No. 92-1, 603 So.2d 1175, 1183 (Fla.1992).
The state points out that no objection to the instruction was made at trial and argues that in any event, any error in the instruction is harmless because the appellant was not entitled to a self-defense instruction in the first place. We agree that the error is harmless, but for a different reason. Our review of the record in this case reveals that the appellant was charged with and found guilty of aggravated battery, which occurs when a person “[ijntentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement.” § 784.045(l)(a)(l), Florida Statutes (1991). Section 776.06, Florida Statutes (1991), includes “force which is likely to cause ... great bodily harm” within the definition of deadly force. Thus, it is clear that the use of deadly force, not nondeadly force, was actually at issue in this case.* As previously noted, a defendant asserting self-defense has the duty to retreat prior to engaging in the use of deadly force. Thus, even though the instruction incorrectly stated the law with regard to nondeadly force, it correctly stated the law with regard to deadly force, with which appellant was actually charged and found guilty. We therefore conclude that the error in this case is harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Accordingly, the judgment is affirmed.
MINER and KAHN, JJ. concur.

 Aggravated battery may involve nondeadly force if a battery is committed with a deadly weapon. See section 784.045(l)(a)(2). However, use of a weapon was not alleged in the charging document, there was no evidence of use of a deadly weapon, and the jury was not instructed that aggravated battery could be committed in this manner.