672 So.2d 865 (1996)
Mark STEWART, Appellant,
v.
STATE of Florida, Appellee.
No. 95-01141.
District Court of Appeal of Florida, Second District.
April 10, 1996.
Rehearing Denied May 3, 1996.
*866 Charlie Ann Scott of Scott & Williams, P.A., Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellee.
SCHOONOVER, Acting Chief Judge.
The appellant, Mark Stewart, challenges the judgment and sentence imposed upon him after a jury found him guilty of aggravated assault while armed with a firearm. We find that the trial court erred by refusing to instruct the jury on self-defense and, accordingly, reverse and remand for a new trial.
The appellant was charged with aggravated assault while armed with a firearm as the result of an incident which occurred in a shopping center parking lot. The appellant was driving his vehicle in a southerly direction when the victim, who was attempting *867 to secure a particular parking space for his van, drove very close to him in a westerly direction. After the appellant stopped his vehicle at a stop sign located near the incident, the parties let each other know, both verbally and by gesture, that they did not appreciate the other's conduct. There was evidence that the conduct escalated to the point where the appellant waved an unloaded, holstered pistol in the air for the victim to see and then drove off.
During the appellant's jury trial, the evidence concerning the events leading up to the waving of the pistol was conflicting. The victim testified that the appellant stopped for an unusually long period of time at the stop sign and that both parties exchanged angry gestures. According to the victim, the appellant then began exiting his car and pointed a gun at him. The gun remained in the car at all times. The victim's testimony was corroborated by the victim's wife and daughter who were passengers in the van. The appellant, on the other hand, testified that when he stopped at the stop sign the victim became very angry, exited his van, and proceeded toward him while yelling and swearing. He testified further that because he was in fear that the victim was going to attack him, he reached down and waved the unloaded, holstered pistol in the air in self-defense with the purpose of scaring the victim and halting his aggressive approach. The appellant's version of the incident was corroborated by his passenger, his girlfriend, who also testified that she felt threatened. Even though the appellant could have safely retreated from the situation by driving away from it, he admitted that his first reaction was to get his gun.
At the conclusion of the trial, the appellant requested an instruction on the justifiable use of nondeadly force. After this requested instruction was refused, he requested an instruction, which was also refused, on the justifiable use of deadly force. After the jury found the appellant guilty of aggravated assault while armed with a firearm, the court adjudicated him guilty and sentenced him to serve a mandatory term of three years in prison. This timely appeal followed.
On appeal the appellant contends that the evidence established that his conduct was justified and that he was therefore entitled to an instruction on self-defense. Section 776.012, Florida Statutes (1993), provides as follows:
Use of force in defense of person. A person is justified in the use of force, except deadly force, against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force. However, he is justified in the use of deadly force only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another or to prevent the imminent commission of a forcible felony.
In this case, the appellant advanced the theory of self-defense and presented evidence to support that theory. The appellant testified that the victim approached him at a high rate of speed and that he felt he had to swerve to avoid a collision. The appellant and his girlfriend testified that the victim got out of his car and approached them angrily and in a threatening manner. The appellant testified that he was afraid of being attacked and, therefore, that he was justified in waving his unloaded, holstered pistol in an effort to scare the victim away. Because this evidence supported his theory that his conduct was justified under section 776.012, a jury instruction on justifiable use of force should have been given. See Wenzel v. State, 459 So.2d 1086 (Fla. 2d DCA 1984). We realize that conflicting evidence was presented to the jury. However, we are not permitted to weigh the evidence to determine the propriety of the appellant's defense. If evidence of self-defense is adduced, as it was in this case, self-defense becomes an issue for the jury to determine. Garramone v. State, 636 So.2d 869 (Fla. 4th DCA 1994).
Although we have concluded that the jury should have been instructed on the justifiable use of force, it is still necessary to decide whether they should have been instructed on the justifiable use of nondeadly force, deadly force, or both. Under the facts of this case we find that the trial court *868 properly denied the appellant's alternate request that the jury be instructed on the justifiable use of deadly force and agree with his contention that an instruction on the use of nondeadly force should have been given.
When the evidence does not establish that the force used by a defendant claiming the right to use force in the defense of unlawful force is deadly or nondeadly as a matter of law, the jury should be allowed to decide the question. See Garramone, 636 So.2d at 871 (jury, not judge, should decide if pushing or throwing a fully clothed individual over the railing of a sixteen foot bridge into the intracoastal waterway at night constituted deadly or nondeadly force and also to weigh the reasonableness of such force against the acts of the victim). See also Cooper v. State, 573 So.2d 74 (Fla. 4th DCA 1990) (question of whether the driving of a vehicle in a manner that it hits someone is deadly force should be submitted to jury). If, however, the type of force used is clearly deadly or nondeadly, only the applicable instruction should be given. See Miller v. State, 613 So.2d 530 (Fla. 3d DCA 1993) (the firing of a firearm into the air, even as a so called warning shot, constitutes the use of deadly force as a matter of law). See also Deveaugh v. State, 575 So.2d 1373 (Fla. 4th DCA 1991) (defendant claiming he had a fistfight in self-defense was entitled to an instruction on the justifiable use of nondeadly force).
Even if we were to assume that the waving of the gun in the air was the use of deadly force, or that the jury should have been allowed to decide that question, the appellant would not have been entitled to an instruction concerning the justifiable use of deadly force. In order to be entitled to that instruction, the appellant was required to present evidence that he reasonably believed that deadly force was necessary to prevent imminent death or great bodily harm to himself or another. § 776.012. This evidence was not presented. Furthermore, justifiable use of deadly force is only proper if a person cannot retreat, Keith v. State, 614 So.2d 560 (Fla. 1st DCA 1993), and the appellant admitted that he could have left the area.
Contrary to the assumption made above, however, the appellant's actions did not amount to the use of deadly force and he was entitled to an instruction concerning the use of nondeadly force. The appellant's conduct in waving the firearm resulted in him being charged with aggravated assault while armed with a firearm, a forcible felony. § 776.08, Fla.Stat. (1993). Although this conduct amounts to a forcible felony it does not in this case amount to the use of deadly force. Deadly force occurs when the natural, probable, and foreseeable consequences of the defendant's acts are death. Garramone, 636 So.2d at 871. If the appellant had fired the weapon, or was stopped as he attempted to, he would have been using deadly force even if the gun was not pointed at the victim. Crider v. State, 632 So.2d 1058 (Fla. 5th DCA 1994). Discharge of a firearm has been held as a matter of law to constitute deadly force because a firearm is by definition a deadly weapon which fires projectiles likely to cause death or great bodily harm. Miller, 613 So.2d at 531. The appellant's evidence indicates that he did not, however, fire the pistol but only waved it. When a weapon is fired it is likely to cause death or great bodily harm but that is not the case when a gun is waved. It is the nature of the force that must be evaluated and the mere display of a gun without more does not constitute deadly force. See Toledo v. State, 452 So.2d 661 (Fla. 3d DCA 1984).[1]
Since the trial court did not instruct the jury on the theory of the appellant's defense we must reverse and remand for a new trial where the proper instruction is given and the jury is allowed to determine the reasonableness *869 of the force used by the appellant. See State v. Smith, 348 So.2d 637 (Fla. 2d DCA 1977).
Reversed and remanded with instructions.
FRANK and PARKER, JJ., concur.
NOTES
[1] The Model Penal Code section 3.11 (1962), states in part that "[a] threat to cause death or serious bodily harm, by the production of a weapon or otherwise, so long as the actor's purpose is limited to creating an apprehension that he will use deadly force if necessary, does not constitute deadly force...." Although Florida has not adopted the Model Penal Code, Rodgers v. State, 537 So.2d 583 (Fla. 4th DCA 1987), other states look to it for guidance and have similar statutes that provide that deadly force does not include the threatened use of deadly force. State v. Williams, 433 A.2d 765 (Me. 1981); Mattox v. State, 874 S.W.2d 929 (Tex. 1st DCA 1994).