698 So.2d 923 (1997)
Constance HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2019.
District Court of Appeal of Florida, Fourth District.
September 10, 1997.
*924 Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joan L. Greenberg, Assistant Attorney General, West Palm Beach, for Appellee.
WARNER, Judge.
Appellant challenges her conviction for manslaughter arising out of the death of her husband. This is the second appearance of this case in our court. In Howard v. State, 638 So.2d 213 (Fla. 4th DCA 1994), we reversed and remanded for a new trial because of errors in the jury selection. On retrial, the appellant again alleges errors in the jury selection, but we find that the error was not properly preserved. We do, however, reverse because the trial court erred in refusing to instruct the jury on the justifiable use of non-deadly force.
On retrial, appellant was charged with manslaughter. Appellant's defense was that she suffered from battered women's syndrome and had acted in self-defense or by accident when she stabbed her husband, Ronald Howard. Appellant is approximately 5'2", 130 lbs., and Ronald Howard was about 6'2", 258 lbs. She claimed that the two had an argument over money that he had been hiding from her, and that he pushed her to the ground twice. She then grabbed a butcher knife and a fillet knife, and he locked himself in the bedroom. He went outside through a door in the bedroom, and she followed him outside. She claimed that he threatened to knock her out with one punch, and in response, she waved the knives in front of her to shield her face as she was backed against a fence. Although the prosecution claimed that she stabbed her husband, appellant's defense was that Ronald Howard leaned forward to punch her and impaled himself on one of the knives she was holding. He died from a single stab wound to the chest which penetrated his heart. The fillet knife was the one which inflicted the injury; it was 6 3/8" long, 3/4" wide, and had a single sharp edge.
Immediately after her husband collapsed, appellant called 911 and attempted to obtain help. She admitted to cutting her husband but stated that she had not meant to do it. The tape of the 911 call was played for the jury. Although appellant originally told the police that her husband had never attempted to hurt her before, she later testified to many incidents of violence. In addition, she presented expert testimony that battered women often try to hide the abuse and that her denial of prior violence was consistent with battered women's syndrome. Further, appellant presented the testimony of her two daughters, two sisters, and family friends who had witnessed Ronald Howard's acts of violence against her or had seen scarring or bruises on her.
The jury found appellant guilty of manslaughter, in violation of section 782.07, Florida Statutes (1991), and she was sentenced to twelve years in prison. Appellant appeals from her judgment of conviction and sentence.
Appellant contends that the trial court erred in refusing to excuse one juror for cause. The juror, who was from Finland where (according to the juror) criminals were required to prove their innocence, expressed difficulty with the concept of American justice that accused defendants were presumed innocent. He did not change his opinion, finally stating in response to a question as to whether his feeling would affect his ability to listen to the evidence, "Well, if they can prove they are innocent, it's okay."
*925 It was error not to grant the challenge for cause to such a juror. See Hamilton v. State, 547 So.2d 630 (Fla.1989). However, the error was not preserved, because the appellant waived it by her acceptance of the trial court's suggested procedure after its denial of the challenge for cause and denial of the appellant's request for an additional peremptory. Having failed to excuse the juror, the court asked the appellant's attorney whether he would like to reconsider any peremptory challenges he had used, since he had exercised all of the allotted challenges. The attorney responded that he would like to retract one peremptory challenge. A previously-challenged juror was then seated on the panel, and the juror from Finland was excused. Two questions later, the court asked the appellant herself whether she agreed with her attorney's voir dire decisions. She stated that she agreed, and the jury was seated.
We think that appellant and her counsel failed to preserve her challenge for cause by agreeing with the trial court's suggestion to retract a peremptory challenge and selecting another juror to sit. To preserve the challenge for cause, the appellant should have informed the trial court that she was still objecting to the denial of the challenge and was acceding to the seating of the previously-challenged juror only over objection. See Nelson v. State, 688 So.2d 971 (Fla. 4th DCA 1997).
Appellant contends that the trial court further erred in denying her request to give an instruction on the justifiable use of non-deadly force. See Fla. Std. Jury Instr. (Crim.) 3.04(e). The court gave only an instruction on the justifiable use of deadly force. Appellant argues that the issue of whether the force used was deadly or non-deadly was for the jury, relying on Cooper v. State, 573 So.2d 74 (Fla. 4th DCA 1990), and Garramone v. State, 636 So.2d 869 (Fla. 4th DCA 1994). We pointed out in Garramone:
[I]t is the nature of the force and not the end result that must be evaluated. Deadly force occurs where the natural, probable and foreseeable consequences of the defendant's acts are death. By statute, deadly force is defined as force likely to cause death or great bodily harm.
Id. at 871. We held that it was a question for the jury as to whether the force used was deadly or non-deadly. See also Cooper.
The state contends that because a knife is a deadly weapon, the use of it must constitute deadly force. However, only the discharge of a firearm has been held to be deadly force as a matter of law. See Miller v. State, 613 So.2d 530 (Fla. 3d DCA 1993). While a knife is a weapon, it is not necessarily a deadly weapon. See Miller v. State, 421 So.2d 746 (Fla. 4th DCA 1982). Further, even the display of a deadly weapon, without more, is not "deadly force." See Toledo v. State, 452 So.2d 661, 662 n. 3 (Fla. 3d DCA 1984).
Appellant's defense in this case was battered women's syndrome. She claimed that her husband fell into her knife while lunging at her rather than that she thrust it at him. The question of whether appellant's act of waving two knives in front of her to shield her face from her husband's assault constituted deadly or non-deadly force should have been a question for the jury under the proper instruction from the court. Garramone; Cooper.
We cannot conclude that the error in refusing to instruct the jury on non-deadly force was harmless. As in Cooper and Garramone, the jury may have been unable to conclude that the use of deadly force in response to an incoming punch was justifiable but may have reached a different result if it had the opportunity to find that appellant's use of the knives was non-deadly force.
We find no error in the remaining issues raised by appellant. Having found error in the jury instructions, we therefore reverse the conviction and sentence of the appellant and remand for a new trial.
GROSS, J., concurs.
KLEIN, J., concurs in part and dissents in part, with opinion.
*926 KLEIN, Judge, concurring in part, dissenting in part.
I agree with the majority except for the issue involving the juror challenge. The defendant did everything she was required to do to preserve the error when the court erroneously denied her challenge for cause. The fact that she later accepted the court's subsequent offer allowing her to swap that objectionable juror for another juror on whom she had previously used a peremptory challenge did not, in my opinion, undo what had previously occurred.