710 So.2d 83 (1998)
Edward Charles DeLUGE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-951.
District Court of Appeal of Florida, Fifth District.
April 9, 1998.
Rehearing Denied May 11, 1998.
*84 James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, Chief Judge.
Appellant, Edward DeLuge, raises two issues on appeal of his conviction for battery and aggravated battery. We find the lower court erred in instructing the jury and reverse.
DeLuge contends that he is entitled to a new trial because of the failure to grant his request for an instruction on the justifiable use of non-deadly force. He argues that the question of whether he used "non-deadly" force should have been submitted to the jury based on his own testimony that he responded to the victim's attack on him with nondeadly force.
The state contends that the evidence shows that DeLuge made a series of "rapid" slashes with a razor blade on the arm, leg and neck of the victim. It asserts that this constitutes the use of "deadly force" as a matter of law, and that no instruction on the use of non-deadly force was warranted. Alternatively, the state asserts that error in failing to instruct the jury on non-deadly force was harmless error.
Under Florida law, a person is justified in using deadly force in self-defense only if he reasonably believes such force is necessary to protect one's self from imminent death or great bodily harm or to prevent the imminent commission of a forcible felony. § 776.012, Florida Statutes (1995). Nondeadly force may be used whenever and to the extent a person reasonably believes that the use of force is necessary to defend himself or another against such imminent use of unlawful force. Id.[1]
"Deadly force" is defined by statute as force likely to cause death or great bodily harm. § 776.06, Fla. Stat. (1995). Thus, a defendant is engaged in the use of deadly force "where the natural, probable and foreseeable consequences of the defendant's acts are death." Garramone v. State, 636 So.2d 869, 871 (Fla. 4th DCA 1994). The proper focus is on the nature of the force used by the defendant. Id. Thus, even a deadly weapon, such as a knife, can be used without deadly force. See Howard v. State, 698 So.2d 923 (Fla. 4th DCA 1997).[2] If the type of force used is clearly deadly or non-deadly as a matter of law, only the applicable instruction should be given. Stewart v. State, 672 So.2d 865 (Fla. 2d DCA 1996). Otherwise, the question of whether the force used by a defendant was "deadly" or "non-deadly" should be submitted to the jury. Id.
In this case, there is evidence that DeLuge made a single slashing motion with a razor blade towards the victim's hand after the victim had attempted to stab him with a knife, and then DeLuge wrestled with her in *85 an attempt to get her to drop the knife. This use of force, if believed by a jury, does not amount to the use of deadly force as a matter of law, such that the natural, probable and foreseeable consequences of DeLuge's act of swinging the razor blade was death. Accordingly, he was entitled to an instruction on the use of non-deadly force. See, e.g., Curington v. State, 704 So.2d 1137 (Fla. 5th DCA 1998); Howard v. State, 698 So.2d 923. Although the state offered substantial evidence to contradict the version told by DeLuge, he was entitled to an instruction where there was evidence to support it. See Hoffman v. State, 708 So.2d 962 (Fla. 5th DCA 1998). We disagree that the error was harmless. The jury was not given the opportunity to determine whether DeLuge used non-deadly force, and DeLuge may have been convicted of aggravated battery based on the use of a deadly weapon.
We find no error in the remaining issue. It was within the court's discretion to withhold the victim's address and current place of employment from the defendant.
REVERSED.
DAUKSCH and HARRIS, JJ., concur.
NOTES
[1] The statute states:

Use of force in defense of person.A person is justified in the use of force, except deadly force against another, when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such imminent use of unlawful force. However, he is justified in the use of deadly force only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another or to prevent the imminent commission of a forcible felony.
[2] An exception may be firearms. The discharge of a firearm consistently is held to be the use of deadly force as a matter of law, regardless of whether it was aimed at the victim. See Stewart v. State, 672 So.2d 865 (Fla. 2d DCA 1996); Miller v. State, 613 So.2d 530 (Fla. 3d DCA 1993) (the firing of a firearm into the air, even as a so called warning shot, constitutes the use of deadly force as a matter of law).