728 So.2d 280 (1999)
Larry WALDO, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-3482.
District Court of Appeal of Florida, Third District.
February 10, 1999.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellee.
*281 Before JORGENSON, GERSTEN, and SHEVIN, JJ.
GERSTEN, Judge.
Larry Waldo ("defendant") appeals his conviction for burglary and aggravated battery. He contends that the trial court erred in failing to instruct the jury on the justifiable use of non-deadly force and that his sentence, pursuant to Chapter 95-192, Laws of Florida, otherwise known as the "Evelyn Gort and All Fallen Officers Career Criminal Act of 1995," is unconstitutional. We disagree on both grounds and affirm.
The state presented evidence showing that the defendant was caught attempting to steal something from an automobile owned by Tonya Johnson; that Johnson's friend, Lerius Louissant, got in a scuffle with the defendant upon observing the defendant's attempt; and that the defendant thrust a knife into Louissant's chest in the course of this scuffle. The trial court refused the defendant's request to instruct the jury on the defense of justifiable use of non-deadly force, but did instruct the jury on the justifiable use of deadly force. The defendant argues that a knife is not necessarily a deadly weapon, and thus, the jury should have been permitted to determine whether the force used was deadly or non-deadly.
"Deadly force" is defined by statute as force likely to cause death or great bodily harm. See § 776.06 Fla. Stat. (1997). In determining whether the force used by a defendant is "deadly," it is proper to focus on the nature of the force used by the defendant. See DeLuge v. State, 710 So.2d 83 (Fla. 5th DCA 1998); Garramone v. State, 636 So.2d 869 (Fla. 4th DCA 1994). If the nature of force used is clearly deadly or non-deadly as a matter of law, only the applicable instruction should be given. See DeLuge v. State, 710 So.2d at 84; Stewart v. State, 672 So.2d 865 (Fla. 2d DCA 1996).
Here, the facts indicate that the defendant thrust a knife into Louissant's chest. The nature of such an act is unmistakably likely to cause death or great bodily harm.
In Miller v. State, 613 So.2d 530 (Fla. 3d DCA 1993), we held that a defendant was not entitled to an instruction on the justifiable use of non-deadly force when he used a firearm to shoot a "warning shot" in the air. There we stated:
A firearm is, by definition, a deadly weapon which fires projectiles likely to cause death or great bodily harm; whenever it is fired in the vicinity of human beings, as here, there is real danger that the fired projectile may hit someone, even if not aimed at anyone, as such projectiles are quite capable of ricocheting off nearby objects and hitting people in the area.
Miller v. State, 613 So.2d at 531.
While we do not go so far as to hold that the use of a knife is, by definition, a deadly weapon, see DeLuge v. State, 710 So.2d at 85; Howard v. State, 698 So.2d 923 (Fla. 4th DCA 1997); Miller v. State, 421 So.2d 746 (Fla. 4th DCA 1982), we note that there are circumstances where the use of one can be deadly as a matter of law. The instant case presents one of those circumstances.
The act of thrusting a knife into someone's chest cavity, home of many vital organs, is more likely to cause death or great bodily harm than firing "warning shots" with a firearm. There is simply no way to interpret such an act as being non-deadly.
Although defendant cites Howard v. State as controlling, it is not on point. In that case, the Fourth District held that a woman who stabbed her husband while "waving two knives in front of her to shield her face from her husband's assault" did not use deadly force as a matter of law. See Howard v. State, 698 So.2d at 925. In coming to this conclusion, the court emphasized that the defendant's theory of the case was that the husband impaled himself on one of the knives, and that the woman did not intentionally stab him. See Howard v. State, 698 So.2d at 925. In other words, the jury could find that the only force used was the act of waving two knives.
Here, no evidence was presented to indicate that the defendant merely waved the knife; instead, the jury could only conclude that he thrust it into the victim's chest. This is a deadly act. The jury was properly instructed.
*282 With regard to the defendant's second point on appeal, that the "Evelyn Gort and All Fallen Officers Career Criminal Act of 1995" is unconstitutional, we affirm under the controlling authority of Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997). As we did in Spann v. State, 719 So.2d 1031 (Fla. 3d DCA 1998) and Holloway v. State, 712 So.2d 439 (Fla. 3d DCA 1998), we certify conflict with Thompson v. State, 708 So.2d 315 (Fla. 2nd DCA), review granted, 717 So.2d 538 (Fla. 1998) on this issue.
Affirmed.