COPE, J.
Salustian Rivero appeals his conviction for aggravated assault with a firearm. We affirm.
First, defendant-appellant Rivero argues that the trial court should have *954 given the jury an instruction on justifiable use of deadly force. See Fla. Std. Jury Instr. (Crim.) 3.6(f); §§ 776.012, 776.06, Fla. Stat. (2002).* However, the argument the defendant advances here was never presented in the trial court and is thus not preserved for appellate review. Assuming arguendo it had been presented in the trial court, it is without merit.
In the present case the evidence showed that the defendant pointed the gun without firing it. The use-of-force statute looks to the amount of force which is actually used. Pointing a firearm (without firing it) amounts to the use of nondeadly force. See Stewart v. State, 672 So.2d 865, 868 (Fla. 2d DCA 1996) (waving a gun in the air did not amount to the use of deadly force). By contrast, firing a firearm in the vicinity of human beings constitutes the use of deadly force as a matter of law. Miller v. State, 613 So.2d 530, 531 (Fla. 3d DCA 1993).
Because the defendant pointed the gun without firing it, this was nondeadly force. The trial court was entirely correct in giving the standard jury instruction on justifiable use of nondeadly force, Fla. Std. Jury Instr. (Crim.) 3.6(g), and omitting the instruction on justifiable use of deadly force. Id. 3.6(f).
As to the remaining point on appeal, we conclude that the evidence was legally sufficient.
Affirmed.

 The crime date was December 24, 2002.