COHEN, J.
Raushamon Brown appeals from the judgment and sentence entered after a jury found him guilty of aggravated assault with a deadly weapon. Brown was charged with two counts of aggravated assault after he used a screwdriver in an altercation involving two individuals, a boyfriend and girlfriend, sitting at a bus' stop. According to Brown’s trial testimony, he pulled out the screwdriver in self-defense after the boyfriend approached him in an intimidating manner. During the charge conference, Brown requested a self-defense instruction, either on the justifiable use of deadly or non-deadly force. The trial court refused to grant any instruction, finding that the screwdriver used was a deadly weapon as a matter of law and that there was no evidence to support he was justified in using deadly force.
On review, we find the trial court erred in failing to give the non-deadly force instruction. Where any evidence supports an instruction on either deadly or non-deadly force, it is error not to give it. Curington v. State, 704 So.2d 1137, 1140 (Fla. 5th DCA 1998). In some instances, the giving of both instructions is warranted. See, e.g., Marshall v. State, 747 So.2d 1045, 1045-46 (Fla. 4th DCA 2000) (affirming trial court’s decision to give both deadly and non-deadly force instructions in case involving aggravated assault with firearm as both instructions were supported by evidence). When determining which self-defense instruction to give, the trial court should focus on the nature of the force used, not the weapon. See DeLuge v. State, 710 So.2d 83, 84 (Fla. 5th DCA 1998). This is so because a deadly weapon can be used without deadly force.[1] Id. “If the type of force used is clearly deadly or non-deadly as a matter of law, only the applicable instruction should be given.”[2] Id. Otherwise, the type of force used is a question of fact to be determined by the jury. Michaud v. State, 47 So.3d 374, 376 (Fla. 5th DCA 2010).
In this case, the couple’s testimony that Brown waved and pointed the screwdriver as if to stab them could support a finding that Brown used deadly, as opposed to non-deadly, force. See Vincente v. State, 669 So.2d 1119, 1120 (Fla. 3d DCA 1996) (finding evidence supported conclusion that screwdriver used as a knife with *105 which to stab the victim constituted deadly weapon). However, the jury, not the trial court, should have made that determination.
Although the jury ultimately acquitted Brown of aggravated assault against the boyfriend, and even though there was testimony that Brown was not afraid of the girlfriend, the parties’ close proximity during the altercation makes it impossible to distinguish his self-defense claim involving the boyfriend from that involving the girlfriend. According to Brown, he brandished the screwdriver to defend himself against the boyfriend and did not point it at the girlfriend. Under these circumstances, Brown was entitled to the non-deadly force instruction as it related to the boyfriend’s actions taken on the girlfriend’s behalf.
REVERSED AND REMANDED
GRIFFIN and BERGER, JJ„ concur.

. "Deadly force” is defined as force likely to cause death or great bodily harm. § 776.06(1), Fla. Stat. (2011). Thus, a defendant is engaged in the use of deadly force where the "natural, probable and foreseeable consequences of the defendant’s acts are death.” Garramone v. State, 636 So.2d 869, 871 (Fla. 4th DCA 1994).

. So far, only the discharge of a firearm has been held to be deadly as a matter of law. Cruz v. State, 971 So.2d 178, 182 (Fla. 5th DCA 2007).