DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL CUNNINGHAM,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-3321

[March 4, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Usan, Judge; L.T. Case No. 09-11413 CF10A.

Bruce A. Zimet of Bruce A. Zimet, P.A., Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Michael Cunningham challenges his conviction and sentence for aggravated assault with a firearm, arguing, among other things, that the court erred in failing to give a requested justifiable use of non-deadly force jury instruction. Based on this error, we reverse and remand for a new trial.

The state charged Cunningham with aggravated assault with a firearm, based on a confrontation he had with a process server who came to Cunningham's home after sunset. The defense presented evidence that the process server walked around the perimeter of the house and left, and that when he returned, he drove aggressively and approached Cunningham and his brother with an object in his hand. The evidence also established that Cunningham pointed a gun toward the process server while making threatening statements.

Defense counsel requested a justifiable use of non-deadly force instruction, but the trial court declined, and provided an on-the-record analysis of the requested instruction as follows:

> Non-deadly force would be something that the defendant might ask if we were talking about that he came out with a stick or lead pipe or something then there's a question to whether that's deadly force or non-deadly force. But since the charge involves a firearm, non-deadly force would not apply to a firearm.

It is well settled that "[w]here there is *any* evidence introduced at trial which supports the theory of the defense, a defendant is entitled to have the jury instructed on the law applicable to his theory of defense when he so requests." *Bryant v. State*, 412 So. 2d 347, 350 (Fla. 1982) (emphasis added) (citation omitted). This is true "no matter how weak or flimsy" the evidence. *Gregory v. State*, 937 So. 2d 180, 182 (Fla. 4th DCA 2006) (citations omitted).

The non-deadly force instruction which the trial court declined to present to the jury provides the following in pertinent part:

> An issue in this case is whether the defendant acted in self-defense.
> It is a defense to the offense with which (defendant) is charged if the
> [death of] [injury to] (victim) resulted from the justifiable use of non- deadly force.
>
> "Non-deadly" force means force not likely to cause death or great bodily harm.
>
> (Defendant) would be justified in using non-deadly force against (victim) if the following two facts are proved:
>
> 1. (Defendant) must have reasonably believed that such conduct was necessary to defend [himself] . . . [another] against (victim's) imminent use of unlawful force against the [defendant] [another person].
>
> 2. The use of unlawful force by (victim) must have appeared to (defendant) to be ready to take place.

Fla. Std. Jury Instr. (Crim.) 3.6(g).

This court has explained how to determine whether to give the non-deadly force instruction, deadly force instruction, or both: "'If the type of

force used is clearly deadly or non-deadly as a matter of law, only the applicable instruction should be given.'"[1]  *Williams v. State*, 727 So. 2d 1062, 1062 (Fla. 4th DCA 1999) (quoting *DeLuge v. State*, 710 So. 2d 83, 84 (Fla. 5th DCA 1998)).

It is now well established by this court that the *discharge* of a firearm constitutes deadly force as a matter of law.  *Hosnedl v. State*, 126 So. 3d 400, 404 (Fla. 4th DCA 2013) (citations omitted).  Likewise, we also have established that the *mere display of a gun* is not deadly force as a matter of law.  *See Carter v. State*, 115 So. 3d 1031, 1037 n.3 (Fla. 4th DCA 2013) ("Apparently the firearm was not discharged and deadly force did not apply as a matter of law."); *Howard v. State*, 698 So. 2d 923, 925 (Fla. 4th DCA 1997) ("[E]ven the display of a deadly weapon, without more, is not 'deadly force.'").

Because there was conflicting evidence as to whether the process server behaved in a threatening manner and the firearm was used in a non-deadly way, the court erred in not giving the justifiable use of non-deadly force instruction.  We cannot say that the error was harmless.  Non-deadly force, as opposed to deadly force, is justified if a defendant reasonably believes such force is necessary to defend himself or another from the use of unlawful force.  Fla. Std. Jury Instr. (Crim.) 3.6(g).  Deadly force, on the other hand, is justified only when the defendant reasonably believes its use is necessary to prevent imminent death, great bodily harm, or the commission of a forcible felony.  *See* Fla. Std. Jury Instr. (Crim.) 3.6(f).  In light of the evidence introduced in this trial, even if the jury felt the use of deadly force was not justified under the circumstances, it may have come to a different result had it been presented with the option of deeming the defendant's actions as justifiable non-deadly force.  *See Howard*, 698 So. 2d at 925 (finding that failure to give non-deadly force instruction was not harmless where "jury may have been unable to conclude that the use of deadly force in response to an incoming punch was justifiable but may have reached a different result if it had the opportunity to find that appellant's use of the knives was non-deadly force").

Cunningham also argues the court erred when it gave the deadly force instruction.  We do not need to decide whether this error amounted to

---

[1] Otherwise, if not clearly based on the facts before the court, "'the question of whether the force used by a defendant was "deadly" or "non-deadly" should be submitted to the jury.'"  *Id.*  The "submittal to jury option" would not apply in this case, however.  The defense presented evidence, which based on established caselaw, precludes the deadly force instruction.

fundamental error, but we do note that if, after remand, the case is retried and the evidence is the same, a deadly force instruction would, by law, not be appropriate.

Based on our reversal and remand for new trial and the reasoning contained herein, we find it unnecessary to address the other issues raised on appeal.

*Reversed and remanded for a new trial.*

WARNER and GERBER, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**