[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-12461

Non-Argument Calendar

————————————————

JULIO GARCIA, IV,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cv-02374-KKM-AAS

———————————————

Before LUCK, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Julio Garcia appeals the district court's denial of his 28 U.S.C. section 2254 habeas petition. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Garcia was charged in 2013 with three counts of aggravated battery with a deadly weapon under Florida Statutes section 784.045. The charges stemmed from a fight between Garcia and three other men—Jesus Rivera, Justin Hageman, and Tyson Dunlap—outside a Polk County bar.

At trial, the state introduced evidence that Garcia started the fight after a drunken argument outside the bar. During the fight, Garcia used a knife to stab Mr. Dunlap in the side and slice Mr. Rivera across the face and hand. Garcia's defense theory was that the victims attacked first, and he used the knife to defend himself and his friends.

During the jury charge conference, the state trial court offered to instruct the jury on the "justifiable use of deadly force" defense but, the court explained, the jury didn't need an additional instruction for the justifiable use of non-deadly force. Garcia said that he would "just like to keep that in there," referring to the non-deadly force instruction. The state objected because the evidence was undisputed Garcia had used deadly force and a second

instruction for non-deadly force would confuse the jury. In response, the state trial court said it was not inclined to include the non-deadly force instruction but would reserve ruling to research the issue.

With the benefit of some extra time, the state trial court declined to give the additional non-deadly force instruction. Garcia did not object to the final instructions as read to the jury.

The jury convicted Garcia of two counts of aggravated battery. After denying his new trial motion, the state trial court sentenced Garcia to two consecutive fifteen year prison terms.

On appeal, Garcia argued that the state trial court erred in denying his new trial motion because the verdict was against the greater weight of the evidence. The state appeals court disagreed and affirmed Garcia's conviction.

Garcia then petitioned the state appeals court for habeas relief because his appellate counsel was ineffective. His appellate counsel was ineffective, Garcia claimed, because counsel didn't argue on appeal that the state trial court erred by leaving out the non-deadly force instruction from the jury charge. The state appeals court denied the habeas petition without an opinion.

Garcia raised the same claim in his federal habeas petition under section 2254. Again, Garcia alleged that his appellate counsel was ineffective because counsel did not raise the state trial court's error in failing to instruct the jury on the justifiable use of non-deadly force.

The district court denied Garcia's federal habeas petition. Whether appellate counsel was ineffective, the district court explained, depended on whether an appeal based on the non-deadly force instruction would have been successful. And that issue, in turn, depended on a question of state law that the state appeals court necessarily answered by denying Garcia's habeas petition. The district court reasoned that the denial of Garcia's state habeas petition indicated either that Garcia had failed to preserve for direct appeal the argument that the state trial court erred in failing to give the non-deadly force instruction, or that, even if the jury instruction issue was preserved, it would have failed on the merits. Either way, because Garcia's claim failed as a matter of state law, the district court concluded, his appellate counsel was not ineffective for failing to raise it.

After the district court denied the section 2254 petition, Garcia appealed. We issued a certificate of appealability on the question whether appellate counsel was constitutionally ineffective for failing to argue that Garcia was entitled to a non-deadly force jury instruction.

## STANDARD OF REVIEW

We review de novo the district court's denial of a section 2254 habeas petition. *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010). A state prisoner may obtain federal habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But where, as here, a state prisoner seeks review of an

issue that state courts have already adjudicated, he must also show that the state courts' judgment "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or depended on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d).

## DISCUSSION

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A defendant can show he was denied effective assistance where (1) his "counsel's performance was deficient," and (2) "the deficient performance prejudiced [his] defense." *Id.* at 687.

When we review a habeas petition under section 2254(d), "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (marks and citation omitted). Our review here is thus "doubly deferential" to the state appeals court's decision denying Garcia's claim of ineffective assistance of appellate counsel. *Id.* And here, there is yet a third layer of deference: because the effectiveness of Garcia's counsel depended on the validity of a state-law defense, we "must defer to the state's construction of its own law" in determining whether the state court's assessment of ineffective assistance was reasonable. *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017).

The state appeals court denied Garcia's habeas petition without explanation.  Without a reasoned decision from the state court, we must (1) "determine what arguments or theories" it could have relied on, and then (2) decide "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 98 (2011) (alteration accepted).  We therefore discuss the two possible rationales the state appeals court could have relied on to deny Garcia's ineffective assistance claim:  (1) Garcia did not preserve the issue for appeal; and (2) he was not entitled to the non-deadly force instruction as a matter of state law.

First, the state appeals court could have reasonably concluded that appellate counsel wasn't deficient because Garcia, as a matter of state law, hadn't properly objected to the exclusion of the non-deadly force instruction at trial.  *See Castor v. State*, 365 So. 2d 701, 703 (Fla. 1978) ("Where the alleged error is giving or failing to give a particular jury instruction, we have invariably required the assertion of a timely objection. . . . [O]bjections must be explicit [and] direct the attention of the trial judge to the purported error in a way which will allow him to respond in a timely fashion.").  At trial, Garcia said that he "would just like to keep" the non-deadly force instruction and that he'd "still be asking for it" after the trial court indicated it was inclined to omit the instruction.  Later, Garcia didn't raise any objection to the final jury instructions—which lacked a non-deadly force instruction.

Based on this record, the state appeals court reasonably could have concluded that Garcia did not preserve his jury instruction issue as a matter of state law. Without a proper objection, appellate counsel would not have been deficient for failing to raise the jury instruction issue on appeal. *See Pinkney*, 876 F.3d at 1298 (explaining that "a petitioner cannot show prejudice from the failure of appellate counsel to raise an issue that would not have been considered on appeal because it was not raised in the trial court"); *Diaz v. Sec'y, Dep't of Corr.*, 402 F.3d 1136, 1142 (11th Cir. 2005) ("Under Florida law, an error that passed without objection cannot be raised on appeal; appellate counsel, therefore, is not ineffective for failure to raise a meritless argument." (citation omitted)).

Second, the state appeals court could have determined that Garcia's appellate counsel wasn't deficient because, on the merits, Garcia wasn't entitled to the non-deadly force instruction under Florida law. In Florida, the use of a knife in an altercation may constitute non-deadly force or deadly force, depending on the circumstances. *See Larsen v. State*, 82 So. 3d 971, 974 (Fla. Dist. Ct. App. 2011) ("A knife can be used with deadly or without deadly force."). But a defendant is not entitled to a jury instruction on a particular defense unless there is at least some "evidence in the record to support it." *See Cliff Berry, Inc. v. State*, 116 So. 3d 394, 407 (Fla. Dist. Ct. App. 2012).

At Garcia's trial, the undisputed evidence showed that he used a knife to stab Mr. Dunlap in the side and slash Mr. Rivera across the face and hand. The state appeals court reasonably could

have concluded that this undisputed evidence only supported the use of deadly force instruction rather than the non-deadly force instruction.  *See Thompson v. State*, 257 So. 3d 575, 581 (Fla. Dist. Ct. App. 2018) (finding that the use of a 15-inch-blade sword to slash and stab a victim's torso was deadly force as a matter of law); *Larsen*, 82 So. 3d at 975 (explaining that a sharp knife used to strike the victim in the neck constituted deadly force as a matter of law); *Waldo v. State*, 728 So. 2d 280, 281 (Fla. Dist. Ct. App. 1999) (holding that the act of thrusting a knife into a victim's chest constituted deadly force as a matter of law), *quashed on other grounds*, 759 So. 2d 674 (Fla. 2000).  If so, then it reasonably could have denied Garcia's state habeas petition because "[a]ppellate counsel is not ineffective for failing to raise claims 'reasonably considered to be without merit.'" *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)).

Because "state courts are the final arbiters of state law, . . . federal habeas courts should not second-guess them on such matters." *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997).  So, if the state appeals court found that appellate counsel was not deficient because state law foreclosed a successful appellate argument regarding the jury instruction, we will not second guess that judgment.  And, if these were the grounds the state appeals court relied on, it didn't unreasonably apply *Strickland*'s deficient performance prong in doing so.  *See Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim.").

**AFFIRMED.**