KLEIN, Judge.
Appellant was convicted of aggravated battery and appeals, arguing that the trial court erred in refusing to instruct the jury on justifiable use of non-deadly force. We agree and reverse for a new trial.
Appellant and the victim got into an altercation after a driving incident. Each claimed the other had improperly operated his vehicle. The victim testified that the appellant followed him into a parking lot, and after some words and physical contact, appellant struck the top of the victim’s car, which had a t-top, with an antitheft device known as the “club,” while the victim was in his car. The victim then got out of his ear and appellant grazed the victim’s chest with the club. The victim wrestled the club from appellant and slammed appellant to the ground. The police then arrived.
Appellant testified that the victim had first been driving improperly, attempting to prevent appellant from making a lane change, that the victim was at all times the agressor, and that the appellant had armed himself with the club only for self-defense. He admitted that the club grazed the victim and came into contact with the top of the victim’s ear, but denied that either was intentional.
The trial court denied appellant’s request for a jury instruction on the justifiable use of non-deadly force. See Fla. Std. Jury Instr. *465 (Crim.) [pi 44]. The court instructed the jury only on justifiable use of deadly force.
Deadly force is defined by statute as force likely to cause death or great bodily harm. § 776.06, Fla. Stat. (1995). In Garramone v. State, 636 So.2d 869, 871 (Fla. 4th DCA 1994), the defendant threw a person off a bridge into the intracoastal waterway at night, resulting in the person’s death. The trial court instructed the jury only on deadly force; however, we reversed for a new trial, concluding that it was up to the jury to determine whether the force was deadly or non-deadly. See also, Cooper v. State, 573 So.2d 74 (Fla. 4th DCA 1990) (driving a car in such a manner so as to hit someone presented a jury issue as to whether the force was deadly or non-deadly).
Most recently, in Howard v. State, 698 So.2d 923 (Fla. 4th DCA 1997), the defendant’s husband had died as a result of knife wounds he received during a domestic altercation. Defendant, who presented evidence that she had battered woman’s syndrome, admitted to having two knives in her hands, but claimed that her husband fell onto one of them while lunging at her. We reversed the trial court’s refusal to give an instruction on the use of non-deadly force.
As we noted in Howard, although, a knife is a weapon, it is not necessarily a deadly weapon. Clearly, the question of whether this club was a deadly weapon was an issue of fact. Whether appellant’s use was deadly or non-deadly force was for the jury to determine under a proper instruction, particularly in light of the fact that the victim was a twenty-five year old muscular body builder and the appellant, age forty-nine, was slight. We therefore reverse and remand for a new trial.
GLICKSTEIN and PARIENTE, JJ., concur.