721 So.2d 371 (1998)
James CARUTHERS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-01313.
District Court of Appeal of Florida, Second District.
October 28, 1998.
Domingo G. Alvarez, III, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne E. Sheer, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
James Caruthers appeals the judgment of the trial court in this misdemeanor battery case. Caruthers asserts, and the State concedes, that the trial court erred in denying his jury instruction on the justifiable use of nondeadly force. We agree and reverse.
The State charged Caruthers with two counts of aggravated battery and alleged that Caruthers used an ax handle to attack two men during an altercation. Caruthers denied using a weapon and claimed self-defense. At trial, both parties agreed that the court would read the self-defense instruction of justifiable use of deadly force. However, the court declined Caruthers' request for an instruction on the justifiable use of nondeadly force. During the jury deliberations, the jury requested a rereading of the instruction on self-defense. The jury then found Caruthers guilty of misdemeanor battery, a lesser included offense, on both counts.
Where a defendant asserts self-defense, if the defendant used force that is deadly or nondeadly as a matter of law, the court need only give the applicable jury instruction. See Stewart v. State, 672 So.2d 865, 868 (Fla. 2d DCA 1996). However, when the evidence fails to establish whether the force used was deadly or nondeadly as a *372 matter of law, the question must be determined by the jury. See id. The only act that has been deemed deadly as a matter of law is that of firing a firearm. See id.
There was no determination in this case, as a matter of law, that an ax handle was a deadly weapon. Therefore, it was error to refuse the instruction on the justifiable use of nondeadly force. Further, it is not harmless error where the court fails to instruct the jury on nondeadly force in an aggravated battery case involving a weapon that is not deadly as a matter of law. See DeLuge v. State, 710 So.2d 83, 85 (Fla. 5th DCA 1998).
Reversed and remanded for a new trial on the charges of misdemeanor battery.
PARKER, C.J., and CAMPBELL and QUINCE, JJ., concur.