PER CURIAM.
Joseph Johnson appeals the trial court’s order denying his motion for postconvietion relief. Only one ground cited by Johnson merits discussion, upon which we reverse.
Johnson claims that his trial attorney refused to permit him to take the stand in his own defense. The trial court concluded that Johnson’s right to testify on his behalf had been waived, and that he had not shown that his failure to testify resulted in any prejudice. However, the attachments to the court order do not show that Johnson’s right to testify in his own defense was waived, nor do they refute Johnson’s claim of prejudice resulting from the jury not hearing his testimony. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Oisorio v. State, 676 So.2d 1363, 1364 (Fla.1996) (holding that a defendant who claims ineffective assistance of counsel based on counsel’s refusal to permit defendant to testify must meet both prongs of Strickland).
Accordingly, this case is remanded for the trial to court to either conduct an evidentiary hearing, or to deny the claim without a hearing if record attachments conclusively refute Johnson’s allegations concerning whether counsel provided ineffective assistance in denying him his right to testify on his behalf.
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and FULMER and SALCINES, JJ., Concur.