727 So.2d 1062 (1999)
Vernon WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3938.
District Court of Appeal of Florida, Fourth District.
February 24, 1999.
Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Vernon Williams appeals his conviction and sentence for aggravated battery. He argues that the trial court erred when it refused to instruct the jury on the justifiable use of non-deadly force. We reverse.
Appellant worked for a lawn maintenance service. He and a co-worker were on their way to a job site when they got into an argument. The parties dispute the details of the altercation, appellant maintaining that he acted in self-defense, but they agree that appellant hit the co-worker with a lawnmower blade. He was charged with aggravated battery. The trial court gave appellant's requested instruction on the lesser included crime of battery, but denied his request for a jury instruction on the justifiable use of non-deadly force. The jury found appellant guilty as charged.
Appellant argues that the trial court erred when it refused to instruct the jury on the justifiable use of non-deadly force. "If the type of force used is clearly deadly or non-deadly as a matter of law, only the applicable instruction should be given. Otherwise the question of whether the force used by a defendant was `deadly' or `non-deadly' should be submitted to the jury." DeLuge v. State, 710 So.2d 83, 84 (Fla. 5th DCA 1998); see also Garramone v. State, 636 So.2d 869, 870 (Fla. 4th DCA 1994). "[O]nly the discharge of a firearm has been held to be deadly force as a matter of law." Howard *1063 v. State, 698 So.2d 923, 925 (Fla. 4th DCA 1997).
In Albuguergue v. State, 700 So.2d 464 (Fla. 4th DCA 1997), the defendant was convicted of aggravated battery and argued that the trial court erred when it refused to instruct the jury on the justifiable use of non-deadly force. He and the victim were involved in an altercation where, after some words and physical contact, the defendant struck the top of the victim's car and grazed the victim's chest with "the club." This court stated, "although a knife is a weapon, it is not necessarily a deadly weapon. Clearly, the question of whether this club was a deadly weapon was an issue of fact." See Id. at 465.
In Caruthers v. State, 721 So.2d 371 (Fla. 2d DCA 1998), the defendant was charged with aggravated battery by using an ax handle to attack two men during an altercation. The court read the instruction on justifiable use of deadly force, but declined the defendant's request for an instruction on the justifiable use of non-deadly force. Id. The second district stated,
There was no determination in this case, as a matter of law, that an ax handle was a deadly weapon. Therefore, it was error to refuse the instruction on the justifiable use of non-deadly force. Further, it is not harmless error where the court fails to instruct the jury on the non-deadly force in an aggravated battery case involving a weapon that is not deadly as a matter of law.
Id. at 372.
Here, there was no determination that the lawn mower blade was a deadly weapon or a deadly force as a matter of law. Accordingly, we reverse and remand for a new trial with instructions to the trial court to instruct the jury on the justifiable use of non-deadly force. See Caruthers, 721 So.2d at 371; DeLuge, 710 So.2d at 84; Albuguergue, 700 So.2d at 465.
REVERSED and REMANDED.
DELL, KLEIN and GROSS, JJ., concur.