741 So.2d 1148 (1999)
Dale Lee LENOIR, Appellant,
v.
STATE of Florida, Appellee.
No. 99-01203.
District Court of Appeal of Florida, Second District.
August 11, 1999.
Rehearings Denied September 1, 1999 and September 23, 1999.
PER CURIAM.
Dale Lenoir appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Lenoir was convicted of two counts of battery on a law enforcement officer. He asserts that he testified at trial that one of the officers attacked him and that he began struggling with the officers only in self-defense. We reverse on one of his claims.
Lenoir alleges that counsel was ineffective in failing to request a jury instruction on self-defense. Such a claim is cognizable in a rule 3.850 proceeding. See, e.g., Newton v. State, 527 So.2d 876 (Fla. 2d DCA 1988) (holding that failure to request a jury instruction on a necessarily lesser included offense constitutes ineffective assistance of counsel). Self-defense is applicable to a charge of battery on a law enforcement officer, see Johnson v. State, 634 So.2d 1144 (Fla. 4th DCA 1994), and Lenoir has alleged facts which, if true, would have entitled him to the instruction. Moreover, if Lenoir, in fact, testified that he struggled with one of the officers, then self-defense would have been the only defense available to him. Under these circumstances Lenoir has shown that he was prejudiced by counsel's alleged error. Therefore, we reverse and remand on this claim.
On remand the trial court may again deny Lenoir's motion if this allegation is conclusively refuted by record attachments. If it cannot be refuted by record attachments, Lenoir must be afforded an evidentiary hearing. We affirm the trial court's order with respect to Lenoir's remaining claims.
Affirmed in part; reversed in part; and remanded.
FULMER, A.C.J., and SALCINES and DAVIS, JJ., Concur.