WARNER, C.J.
At his trial for aggravated assault with a firearm, appellant, who claimed self-defense, withdrew his request for an instruction on justifiable use of deadly force after the trial court agreed to give the instruction on justifiable use of non-deadly force. Because the state argued that the force, which involved the use of a gun, was deadly, the trial court gave both defense instructions. Appellant was convicted of improper exhibition of a dangerous weapon, a lesser included charge, but appeals claiming that the trial court erred in giving the instruction on justifiable use of deadly force. Because it is for the jury to determine whether the force involved was deadly or non-deadly, we af *1046 firm the trial court’s determination to give both charges. See Garramone v. State, 636 So.2d 869, 871 (Fla. 4th DCA 1994); Cooper v. State, 573 So.2d 74, 76 (Fla. 4th DCA 1990). Moreover, “[t]he state, like the defendant, is entitled to all applicable jury instructions” supporting its theory of the case. Diggs v. State, 489 So.2d 1228, 1228 (Fla. 5th DCA 1986).
Affirmed.
DELL and GUNTHER, JJ., concur.