PER CURIAM.
Joseph E. Dames appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Dames was adjudicated guilty, after a jury trial, of first-degree murder and attempted second-degree murder. In his rule 3.850 motion, Dames asserted four claims. On appeal, Dames challenges the trial court’s ruling on two of them. We find further proceedings are warranted to determine Dames’ claim that his trial counsel was ineffective for failing to advise Dames that his testimony was necessary for the jury to be instructed on the defense of self-defense. We affirm the trial court’s ruling on Dames’ other claim without discussion.
The trial court denied Dames’ claim, concluding that Dames’ failure to testify was not the only reason the court refused the self-defense instruction. According to the trial court, Dames’ counsel argued for the self-defense instruction and the court ruled against him. Therefore, the court concluded that Dames failed to meet the requirements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The trial court attached a portion of the trial transcript where counsel argued for the instruction and the court denied it.
The attached transcript does not refute Dames’ claim. Dames’ claim is not that his counsel failed to argue for the self-defense instruction. Instead, Dames’ claim is that he was denied the self-defense instruction because his counsel failed to advise Dames that he needed to testify to have sufficient evidence to allow the instruction. The attached transcript shows that the court denied the instruction solely because there was no evidence presented to support a self-defense instruction. This tends to support, rather than refute, Dames’ claim that his counsel should have had him testify to support the defense.
If Dames had testified in the manner set forth in his motion, he would have been entitled to a self-defense instruction. See Arthur v. State, 717 So.2d 193, 194 (Fla. 5th DCA 1998) (holding “a defendant is entitled to an instruction on his theory of defense ‘however flimsy’ the evidence is which supports that theory”) (quoting Vazquez v. State, 518 So.2d 1348, 1350 (Fla. 4th DCA 1987)). Dames therefore has alleged sufficient prejudice to support *564 a facially sufficient claim for relief. Cf. Lenoir v. State, 741 So.2d 1148 (Fla. 2d DCA 1999) (reversing summary denial of rule 3.850 motion claiming counsel failed to request self-defense instruction where defendant alleged facts, if true, that would have entitled him to instruction and showed he was prejudiced by counsel’s alleged error). Based on the limited record before us, we cannot conclude that this omission did not affect the outcome of the proceedings. Cf. Johnson v. State, 723 So.2d 879 (Fla. 2d DCA 1998) (reversing summary denial of rule 3.850 motion claiming counsel refused to allow defendant to take stand in own defense where attachments did not show that defendant waived his right to testify or refute claim of prejudice resulting from jury not hearing his testimony).
We accordingly reverse as to this claim only. Upon remand, the trial court shall either conduct an evidentiary hearing or deny the claim without a hearing if other record attachments exist which conclusively refute Dames’ allegations concerning whether counsel provided ineffective assistance in failing to have him testify in support of his own defense.
Affirmed in part; reversed in part; and remanded for further proceedings.
THREADGILL, A.C.J., and GREEN and SALCINES, JJ., Concur.