799 So.2d 265 (2001)
Floyd Eugene MATHEWS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-1735.
District Court of Appeal of Florida, First District.
August 27, 2001.
Rehearing Denied November 5, 2001.
Nancy A. Daniels, Public Defender; Paula S. Saunders, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant appeals his judgment and sentence, alleging the trial court erred by denying his request for a jury instruction on the justifiable use of nondeadly force, and that the Criminal Punishment Code is unconstitutional. Although we agree the trial court erred by failing to give the requested jury instruction, we affirm as to *266 both issues because they were not preserved.
Upon request, a defendant is entitled to a jury instruction on any theory of defense the substantive evidence supports, however weak or improbable his testimony may have been. See Rockerman v. State, 773 So.2d 602, 603 (Fla. 1st DCA 2000); Arthur v. State, 717 So.2d 193, 194 (Fla. 5th DCA 1998). Weighing the evidence is the sole prerogative of the jury, and the trial court should decide whether to give an instruction without weighing the evidence. See Rockerman, 773 So.2d at 603. When the evidence does not establish that the force used was deadly or non-deadly as a matter of law, the jury should be allowed to decide the question. See Stewart v. State, 672 So.2d 865, 868 (Fla. 2d DCA 1996); see also Marshall v. State, 747 So.2d 1045 (Fla. 4th DCA 2000). Only a firearm's discharge has been held to be deadly force as a matter of law. See Williams v. State, 727 So.2d 1062, 1063 (Fla. 4th DCA 1999); see also DeLuge v. State, 710 So.2d 83, 84 n. 2 (Fla. 5th DCA 1998); Stewart, 672 So.2d at 868; Miller v. State, 613 So.2d 530 (Fla. 3d DCA 1993).
Appellant used his hands and feet while committing the offense that resulted in his being charged with aggravated battery. Because Appellant did not use a firearm while committing his offense, his use of force was not deadly as a matter of law. As the trial court noted, an issue in the case was whether Appellant acted in self-defense. Thus, Appellant was entitled to the jury instruction on the justifiable use of non-deadly force, the jury should have decided whether the force used by Appellant was deadly or non-deadly, and the trial court erred by failing to give the requested instruction.
However, the issue is not preserved for appeal because counsel failed to make a sufficient objection to the trial court's denial of the requested instruction. Counsel asked for the instruction on the justifiable use of non-deadly force, and the trial court stated its reasons for giving the instruction for the justifiable use of deadly force rather than the instruction on non-deadly force as requested. Defense counsel then responded: "Yes, sir, I see that Your Honor. We just thought there was no harm in asking." Furthermore, after the trial court completed instructing the jury on the justifiable use of deadly force, it inquired "[n]ow, are there any objections to the instructions as read or presented or any requested modifications or additions to same?" Defense counsel, in response, stated "[w]e're not going to object to anything at this time, Your Honor." An objection must be clear and unequivocal, and point out to the trial court the specific ground asserted for judicial action. See Occhicone v. State, 570 So.2d 902, 905 (Fla. 1990); Ladd v. State, 715 So.2d 1012, 1016 (Fla. 1st DCA 1998). Counsel's statements were insufficient to preserve the issue for appeal.
Appellant's constitutional challenge to the Criminal Punishment Code is likewise not preserved because it was neither argued below nor presented to the trial court in a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentence. See Maddox v. State, 760 So.2d 89, 98 (Fla.2000); Salters v. State, 758 So.2d 667, 669 n. 4 (Fla.2000). Accordingly, the trial court is AFFIRMED.
BOOTH and BENTON, JJ., CONCUR.