863 So.2d 464 (2004)
Rickie MATHIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-2668.
District Court of Appeal of Florida, First District.
January 21, 2004.
Robert A. Harper; Michael Robert Ufferman, Robert Augustus Harper Law Firm, P.A., Tallahassee, for Appellant.
Charlie Crist, Attorney General, Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant appeals the trial court's summary denial of his post-conviction motion *465 filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, the appellant raised four claims for relief. Because the trial court erred in summarily denying the appellant's claim that his counsel was ineffective for failing to request a jury instruction on the justifiable use of non-deadly force, we reverse. All other issues raised in the appellant's motion are affirmed without further discussion.
The appellant was charged and convicted of aggravated battery for striking another inmate with a mop wringer. The defense's theory of the case was that the other inmate was the aggressor. The appellant alleged that counsel was ineffective for failing to request a jury instruction on the justifiable use of non-deadly force. Contrary to the trial court's reasoning, a claim that counsel was ineffective for failing to request a jury instruction on self defense is cognizable in a rule 3.850 motion. Lenoir v. State, 741 So.2d 1148 (Fla. 2d DCA 1999).
When the evidence fails to establish as a matter of law whether the type of force used was deadly or non-deadly, the defendant is entitled to instructions on the justifiable use of both types of force. Williams v. State, 727 So.2d 1062 (Fla. 4th DCA 1999); Caruthers v. State, 721 So.2d 371 (Fla. 2d DCA 1998). The only type of force that has been determined to be deadly as a matter of a law is discharging a firearm. Williams, 727 So.2d at 1063. Thus, it appears from the limited record before this court that the appellant was entitled to an instruction on the justifiable use of non-deadly force.
We therefore reverse the trial court's summary denial of the appellant's claim that counsel was ineffective for failing to request a jury instruction on the justifiable use of non-deadly force and remand for the trial court to attach portions of the record to conclusively refute the appellant's claim or for an evidentiary hearing.
REVERSED in part, REMANDED in part, and AFFIRMED in part.
ERVIN, BARFIELD and POLSTON, JJ., concur.