PER CURIAM.
The appellant challenges the trial court’s order summarily denying his motion alleging ineffective assistance of counsel filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the appellant has stated a facially sufficient claim that his counsel was ineffective in failing to object to the trial court’s denial of his requested jury instruction on the justifiable use of nondeadly force, we reverse. All other issues are affirmed without further discussion.
Following a jury trial, the appellant was convicted and sentenced for aggravated battery by intentionally or knowingly causing great bodily harm, permanent disability, or permanent disfigurement. This Court affirmed his conviction and sentence, concluding that although the appellant was entitled to a requested jury instruction on the justifiable use of non-deadly force, his counsel failed to properly preserve the issue for appeal. Mathews v. State, 799 So.2d 265 (Fla. 1st DCA 2001).
In the instant rule 8.850 motion, the appellant alleges that his counsel was ineffective for failing to make a sufficient objection to the denial of the requested jury instruction. The appellant’s claim is facially sufficient because he alleged how his counsel’s performance was outside of the wide range of reasonable professional assistance, and how such conduct in fact prejudiced the outcome of the proceedings. See Strickland v. Washington, 466 U.S. 668, 687-88, 691-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Spencer v. State, 842 So.2d 52 (Fla.2003); Cherry v. State, 659 So.2d 1069, 1072 (Fla.1995); Betts v. State, 792 So.2d 589, 589-90 (Fla. 1st DCA 2001). As this Court previously explained, “[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.” Spencer, 842 So.2d at 61.
We, therefore, reverse the summary denial of the appellant’s claim for ineffective assistance of counsel and remand to the trial court to hold an evidentiary hearing on this issue.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ERVIN, BENTON, and LEWIS, JJ., concur.