973 So.2d 1153 (2006)
Rickie MATHIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-1066.
District Court of Appeal of Florida, First District.
October 25, 2006.
Rehearing Denied December 6, 2006.
*1155 Robert Augustus Harper, Robert Augustus Harper, III, and Jonathan Mitchell Kester of Harper & Harper Law Firm, P.A., Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Christine Ann Guard, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Rickie Mathis, appeals the trial court's non-summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, arguing that the trial court erred in concluding that his trial counsel did not render ineffective assistance by failing to request a jury instruction on the justifiable use of non-deadly force. Because we agree, we reverse and remand for a new trial.
Appellant was charged by information with aggravated battery on a fellow inmate at the county jail, in the commission of which he allegedly either used a deadly weapon or intentionally caused great bodily harm, permanent disability, or permanent disfigurement. In his opening statement at trial, appellant's counsel argued that appellant was provoked by the victim on the day in question and was "basically defending himself." While the victim and a correctional officer testified that appellant was the aggressor and hit the victim with both a mop wringer and his fists multiple times, several inmates who shared a cell block with both appellant and the victim testified that the victim was the aggressor and cut his hand when appellant grabbed the mop wringer from him and that they saw appellant hit the victim with only his fists. Similarly, appellant testified that the victim was the aggressor and began the fight by charging him and grabbing the mop wringer, which appellant snatched away from him. According to appellant, during the ensuing fight, he "was getting the short end of the stick" and his "wind [was] getting short on [him]," so he hit the victim with his fists. Appellant maintained that he never hit the victim with the mop wringer, although it did cut the victim's hand while they were struggling over it.
In his closing argument, appellant's counsel argued that all the State had proven was that there was a fist fight on the day in question, which would only support a simple battery charge. He advised the jury that if it were to conclude that there was a fight but that the mop wringer was not used as a weapon to beat the victim's head, it should return a verdict of simple battery. Appellant's counsel further argued that appellant "was acting in self-defense" and "should not be punished any more for defending himself" and advised the jury:
[W]hen the defense is self-defense, and when [the victim] started it, then the conclusion is that [appellant] was defending himself. And even though during the struggle he hit [the victim] against his will, [the victim] started it, and therefore the only verdict in that instance to be returned is a verdict of not guilty against [appellant].
Appellant's counsel requested a jury instruction on the justifiable use of deadly force, but the trial court denied that request on the ground that appellant's theory of the case was that he did not use deadly force. No instruction on the justifiable use of non-deadly force was requested on the record, and appellant's counsel did not object to the jury instructions as read, which did not include an instruction regarding the justifiable use of either deadly or non-deadly force. The jury ultimately found appellant guilty of aggravated battery as charged.[1] Appellant was convicted *1156 and sentenced as a habitual violent felony offender to fifteen years' imprisonment with a ten-year minimum mandatory. We affirmed the conviction and sentence on direct appeal. See Mathis v. State, 683 So.2d 582, 583 (Fla. 1st DCA 1996) (en banc).
Appellant subsequently filed a motion for postconviction relief, arguing in part that his trial counsel was ineffective for failing to request a jury instruction on the justifiable use of non-deadly force. The trial court summarily denied the motion. We reversed the summary denial of that claim and remanded the cause for the trial court to either attach record portions conclusively refuting that claim or conduct an evidentiary hearing, reasoning that a claim that counsel was ineffective for failing to request a self-defense instruction is cognizable in a rule 3.850 motion and that from the limited record before us, it appeared that appellant was entitled to an instruction on the justifiable use of non-deadly force. See Mathis v. State, 863 So.2d 464, 464-65 (Fla. 1st DCA 2004).
At the evidentiary hearing on remand, Tony Bajoczky, an attorney who was accepted as an expert in criminal defense trial work, testified that he had reviewed the record in this case and opined that appellant's trial counsel was ineffective. Bajoczky believed that, based on the testimony presented by the defense that the victim was the aggressor, a self-defense issue was clearly presented at appellant's trial and that appellant's trial counsel should have requested the instruction at issue, especially given that self-defense was a main theory of his argument. Bajoczky noted that the jury did not have the option of considering a self-defense theory of the case without the instruction and opined that the result of appellant's trial would probably have been different if the instruction had been requested and given. Bajoczky could not think of a tactical reason why appellant's trial counsel would have decided not to request an instruction on the justifiable use of non-deadly force.
The State did not present any evidence at the hearing. Rather, it relied on the transcript of appellant's trial and the prosecutor's arguments that the trial court properly denied appellant's trial counsel's request for an instruction on the justifiable use of deadly force because appellant denied using deadly force and that a justifiable use of non-deadly force defense would not have applied to aggravated battery but only to the lesser included offense of simple battery. Thus, the prosecutor contended that appellant had not proven any likelihood that the outcome of his trial would have been different if the instruction at issue had been given.
Following the hearing, the trial court issued the order at issue on appeal, in which it found that although defense counsel argued self-defense to the jury, "the record is clear that the entire defense was based on the position that [appellant] never struck the victim with a mop wringer or mop bucket." It concluded that appellant's trial counsel could not be deemed ineffective "for arguing that no mop bucket or mop wringer was used by [appellant] to batter [the victim] and not asking for an instruction that would run contrary to the defense presented." Accordingly, appellant's motion was denied. This appeal follows.
In order to prevail on a claim of ineffective assistance of trial counsel, a defendant must demonstrate (1) that counsel's performance was outside the wide range of reasonable professional assistance, and (2) that such conduct prejudiced the outcome of the trial because without it, there is a reasonable probability that the *1157 outcome would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Spencer v. State, 842 So.2d 52, 61 (Fla.2003); Betts v. State, 792 So.2d 589, 589-90 (Fla. 1st DCA 2001). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Spencer, 842 So.2d at 61. Both the performance prong and the prejudice prong of the Strickland analysis involve mixed questions of law and fact, and only the trial court's factual findings are to be given deference by appellate courts. Stephens v. State, 748 So.2d 1028, 1033 (Fla.1999). Thus, the standard of review of the trial court's findings of fact is whether they are supported by competent, substantial evidence, while the trial court's legal conclusions are subject to de novo review. See id. at 1033-34.
A claim that trial counsel was ineffective for failing to request a jury instruction on self-defense is cognizable in a rule 3.850 motion. See Mathis, 863 So.2d at 464. "Upon request, a defendant is entitled to a jury instruction on any theory of defense the substantive evidence supports, however weak or improbable his testimony may have been." Mathews v. State, 799 So.2d 265, 266 (Fla. 1st DCA 2001). Trial courts are to decide whether to give a particular jury instruction without weighing the evidence because doing so is the sole prerogative of the jury. Id. When the evidence presented at trial does not establish as a matter of law whether the force used by the defendant was deadly or non-deadly, the question is a factual one to be decided by the jury, and the defendant is entitled to jury instructions on the justifiable use of both types of force. Mathis, 863 So.2d at 465; Mathews, 799 So.2d at 266; Williams v. State, 727 So.2d 1062, 1062-63 (Fla. 4th DCA 1999). The only type of force that has been held to be deadly as a matter of law is the discharge of a firearm. Mathis, 863 So.2d at 465; Mathews, 799 So.2d at 266; Williams, 727 So.2d at 1062. Defense counsel's failure to request a jury instruction "has been deemed to be an `unreasonable omission which severely prejudiced his client's case' where the error complained of `negated the only defense put forth by trial counsel.'" Platt v. State, 697 So.2d 989, 991 (Fla. 4th DCA 1997) (citations omitted); see also Cabrera v. State, 766 So.2d 1131, 1134 (Fla. 2d DCA 2000) (citing Platt for the same proposition and concluding that, in the absence of another viable defense, counsel's failure to pursue an entrapment defense constituted ineffective assistance of counsel because such substandard performance deprived the defendant of his sole defense and the opportunity to corroborate the defense).
Here, because appellant did not use a firearm during the fight with the victim, the force he used was not deadly as a matter of law, and the factual question of whether the force was deadly or non-deadly was to be decided by the jury. Thus, because appellant presented evidence supporting a self-defense theory at trial, he should have been entitled to jury instructions on the justifiable use of both deadly and non-deadly force had both instructions been requested. See Mathews, 799 So.2d at 266; Williams, 727 So.2d at 1062-63. Appellant's trial counsel apparently recognized the fact that the evidence supported a self-defense theory of the case as he argued in his opening and closing statements that appellant was acting in self-defense and that the jury should find him not guilty on that basis. Nonetheless, trial counsel did not request an instruction on the justifiable use of non-deadly force but only on the justifiable use of deadly force.[2]
*1158 The trial court erred in concluding that such failure did not amount to deficient performance. Such conclusion was based on the trial court's finding that appellant's entire defense was based upon the theory that he did not hit the victim with the mop wringer. However, that finding is not supported by competent, substantial evidence, given that trial counsel clearly raised two alternative arguments in appellant's defense. The first argument was that the State had only proven that appellant and the victim were in a fist fight, which would only justify a finding of guilt as to simple battery, rather than aggravated battery. The second was that because appellant was acting in self-defense, the jury should return a not guilty verdict. Contrary to the trial court's conclusion, these arguments are not mutually exclusive of one another, and requesting an instruction on the justifiable use of non-deadly force would not have contradicted the contention that appellant did not hit the victim with a mop wringer. Although self-defense was not the sole defense argued by trial counsel, it was the only defense that could have resulted in an acquittal. Without being instructed on the justifiable use of non-deadly force, the jury was not given the option of finding appellant not guilty on self-defense grounds. Thus, trial counsel's failure to request the instruction at issue constituted deficient performance that prejudiced appellant because but for such conduct, there is a reasonable probability that the outcome of the trial would have been different. See Platt, 697 So.2d at 991; Cabrera, 766 So.2d at 1134.
Although the State argues that Bajoczky's expert testimony was insufficient to establish that trial counsel's failure to request the instruction at issue was not a reasonable strategic or tactical decision because such determination was a conclusion to be made by the trial court, once a defendant makes the required showing under Strickland, an objective basis for trial counsel's actions must be found within the record to justify counsel's performance and thereby rebut the defendant's claim on the ground that counsel's conduct was strategic. See State v. Duncan, 894 So.2d 817, 824 (Fla.2004). If the record itself does not provide such justification, a court has no choice but to require the State, as well as the attorney whose performance is in question, to answer the defendant's allegations. Id. Here, the record does not provide any objective basis justifying trial counsel's conduct or indicating that his decision not to request the instruction was a strategic one, and the State did not present any evidence at the evidentiary hearing. Moreover, even if appellant's trial counsel would have categorized his decision as a strategic one, arguing that the jury should find appellant not guilty because he was acting in self-defense and then failing to request an instruction on that theory was patently unreasonable and, thus, subject to.collateral attack. See Roesch v. State, 627 So.2d 57, 58 n. 3 (Fla. 2d INCA 1993) ("Tactical decisions generally are for counsel to make and will not be second-guessed unless shown to be patently unreasonable.").
Accordingly, we REVERSE the trial court's order denying appellant's motion for postconviction relief, and REMAND for a new trial on the aggravated battery charge.
KAHN, BENTON, and LEWIS, JJ., concur.
NOTES
[1] Because the verdict form is a general one, it is unclear whether it found that appellant used a deadly weapon or that he intentionally or knowingly caused great bodily harm.
[2] Although the trial court also erred in denying trial counsel's request for an instruction on the justifiable use of deadly force, that specific issue is not presently before us.