989 So.2d 679 (2008)
Judith MICHEL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2481.
District Court of Appeal of Florida, Fourth District.
July 30, 2008.
Rehearing Denied September 17, 2008.
*680 Carey Haughwout, Public Defender, and John Pauly, Jr. and Harris Printz, Assistant Public Defenders, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We reverse Michel's conviction for simple battery. The face of the record demonstrates ineffective assistance of counsel arising out of the trial court's failure to give an instruction on the justifiable use of non-deadly force. The record also shows that this failure was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 205, 80 L.Ed.2d 674 (1984).
Michel was charged with aggravated battery. The charge arose out of a physical altercation between Michel and the victim, where the victim sustained cuts to the face and neck. Michel testified, asserting self-defense.
The details of the fight were disputed, with Michel testifying that the victim started the fight and that in the course of the fight, which involved pushing and hitting, Michel saw the victim reach for something that looked like a knife. Michel said she believed the victim would use the knife and that Michel then grabbed something off the coffee table, an "eyebrow razor," and said "you better let me go," before cutting the victim.
The initial jury instructions prepared by the state included instructions on both the justifiable use of non-deadly force and the justifiable use of deadly force, but the state questioned whether giving both would be appropriate. Defense counsel initially indicated that he wanted both instructions given. The court told the attorneys to "review them and see what you can come up with." The state responded that it would not have a problem if defense counsel wanted to give both instructions. The self-defense instructions were not discussed further.
During closing arguments, both counsel discussed the elements of the justifiable use of deadly force and whether deadly force was justified, because Michel was in reasonable fear for her safety.
The jury instructions included an instruction for the lesser-included offense of simple battery. The instructions also included an instruction on the justifiable use of deadly force, but did not include an instruction on justifiable use of non-deadly force. No objections were made to the instructions. During deliberations, the jury requested a "full definition of aggravated battery and battery." The judge responded by giving them a complete copy of the jury instructions. The jury found Michel guilty of the lesser-included offense of battery.
Defense counsel filed a motion for new trial, acknowledging that he had agreed *681 with the state and court to fundamental error by not requesting the inclusion of an instruction on the justifiable use of non-deadly force, which was "the Defendant's only defense to the charge of simple battery." During argument on the motion, defense counsel explained that "neither one of us recognized that it would have been a defense, [to] the simple battery. We chose to just give the self-defense use of deadly force."
We conclude that Michel's ineffective assistance of counsel claim is apparent on the face of the record. Prejudice to Michel from trial counsel's failure to request the instruction is apparent on the face of the record, as that failure essentially deprived Michel of a defense. See Aversano v. State, 966 So.2d 493 (Fla. 4th DCA 2007).
We recognize that ineffective assistance of counsel claims should rarely be raised on direct appeal because they are generally fact-specific. See Gore v. State, 784 So.2d 418, 437-38 (Fla.2001). However, such a claim can be raised where the face of the record demonstrates ineffective assistance of counsel. Bruno v. State, 807 So.2d 55, 63 n. 14 (Fla.2001); see, e.g., Aversano, 966 So.2d at 495 (ineffective assistance of counsel apparent on face of record based on failure to request a specific jury instruction).
Under Florida law, a person is justified in using deadly force in self-defense when he or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm or to prevent the imminent commission of a forcible felony. Cruz v. State, 971 So.2d 178, 182 (Fla. 5th DCA 2007). Non-deadly force may be used when and to the extent that a person reasonably believes that the use of force is necessary to defend himself or herself or another against the imminent use of unlawful force. Id. "Deadly force" is defined by statute as force likely to cause death or great bodily harm. Id. A defendant uses deadly force where the natural, probable, and foreseeable consequences of the defendant's acts are death. Id. The focus is on the nature of the force used and not the end result.
When the evidence presented at trial for battery does not establish, as a matter of law, whether the force used by the defendant was deadly or non-deadly, the question is a factual one to be decided by the jury, and the defendant is entitled to jury instructions on the justifiable use of both types of force. Mathis v. State, 973 So.2d 1153 (Fla. 1st DCA 2006), rev. denied, 954 So.2d 1156 (Fla.2007); see also Grimsley v. State, 939 So.2d 123 (Fla. 2d DCA 2006). A deadly weapon, such as a knife, can be used without deadly force. DeLuge v. State, 710 So.2d 83, 84 (Fla. 5th DCA 1998) (citing Howard v. State, 698 So.2d 923 (Fla. 4th DCA 1997)).
Here, the parties dispute the details of the altercation. By one view of the evidence, if believed by the jury, the force used did not amount to the use of deadly force. Accordingly, Michel was entitled to an instruction on the use of non-deadly force. See id.
This court has recognized that it is patently unreasonable to fail to request an instruction that provides a legal defense to undisputed facts. Aversano, 966 So.2d at 495. "A criminal defendant is entitled to have the jury instructed on the law applicable to his or her theory of defense where there is any evidence to support it, no matter how weak or flimsy." Gregory v. State, 937 So.2d 180, 182 (Fla. 4th DCA 2006) (citations omitted). We note that counsel's candid admission, here, makes it clear that the omission was not a matter of strategy.
Michel's only defense to the lesser-included offense of simple battery was self-defense. *682 Thus, the failure to request the instruction on the justifiable use of non-deadly force negated her only defense. The absence of this instruction was magnified when the jury requested a full definition of aggravated battery and battery, and the court responded by giving them a complete copy of the jury instructions, which included an instruction on the justifiable use of deadly force, but not the justifiable use of non-deadly force. Thus, even if the jury believed that Michel acted in self-defense, which there was evidence to support, they did not have the legal basis to find her not guilty of the simple battery.
Under these circumstances, the record demonstrates a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 694, 104 S.Ct. 2052; see also Mathis, 973 So.2d at 1158.
As both prongs of Strickland are satisfied, we reverse and remand for a new trial.
FARMER and KLEIN, JJ., concur.