WOLF, J.
 

 Appellant seeks review of his convictions for trespass and criminal mischief. Specifically, appellant asserts that the trial court erroneously denied appellant’s requested jury instruction on the defense of necessity. For the following reasons, we affirm.
 

 
 *270
 
 The facts adduced at trial included in relevant part that just after midnight on June 6, 2007, Thelma Harvey heard her screen door open and the alarm on that door going off, and then heard appellant at her front door. When appellant began banging at the door, Harvey called 911 and hid inside a utility room. Appellant then kicked through a panel on the front door, reached in and unlocked the door, and entered the home. Two officers arrived at the scene with a K-9 unit and proceeded to enter the home, finding appellant in the first bedroom down the hallway. Officer Haire testified that appellant complied with him when he took appellant into custody. Appellant was not wearing shoes. Upon examining her house, Harvey found that nothing was missing. However, Harvey noticed that a shoebox in her bedroom closet had been stepped on, the covering of a nearby safe had been removed, and her dresser drawer was opened.
 

 Appellant was charged with burglary of an occupied dwelling and criminal mischief. Appellant’s defense at trial was that he acted out of necessity in breaking into Harvey’s home. To support this claim, appellant introduced the testimony of La-rinda Partridge, the next-door neighbor of Harvey. Partridge testified that on the night in question, appellant rang her doorbell, told her that men were chasing him, and asked her to call the police. Partridge thought that appellant looked very afraid and that he was looking around, as if to make sure no one was following him. In explaining why appellant was running, James Johnson testified as to the events that occurred earlier that night at a party nearby. Johnson testified that at that party, he was slapped by a man to whom he owed money. Johnson had seen appellant at that party but stated that he had not witnessed anyone hit or chase appellant and that there was no yelling or commotion before or after the slap.
 

 Based on this evidence, appellant asked for a necessity instruction. The trial court denied the requested instruction and, subsequently, the jury found appellant guilty of the lesser-included offense of trespass as well as criminal mischief.
 

 A criminal defendant is entitled to have the jury instructed on his theory of defense if there is any evidence to support that defense.
 
 See Chavers v. State,
 
 901 So.2d 409, 410 (Fla. 1st DCA 2005);
 
 Mathis v. State,
 
 973 So.2d 1153, 1157 (Fla. 1st DCA 2006). A trial court’s
 

 failure to give a requested jury instruction constitutes reversible error where the complaining party establishes that: (l)[t]he requested instruction accurately states the applicable law, (2) the facts in the case support giving the instruction, and (3) the instruction was necessary to allow the jury to properly resolve all issues in the case.
 

 Langston v. State,
 
 789 So.2d 1024, 1026 (Fla. 1st DCA 2001) (quoting
 
 Alderman v. Wysong & Miles Co.,
 
 486 So.2d 673, 677 (Fla. 1st DCA 1986)). The standard necessity instruction requested in this case accux*ately states the applicable law. However, the trial court did not err in denying appellant’s requested instruction as there was insufficient evidence to support giving the instruction.
 

 Specifically, to be entitled to a necessity instruction, appellant must show evidence of each element required to establish the defense of necessity.
 
 Williams v. State,
 
 937 So.2d 771, 772 (Fla. 1st DCA 2006) (citing
 
 Bozeman v. State,
 
 714 So.2d 570, 572 (Fla. 1st DCA 1998)). These elements include:
 

 (1) the defendant reasonably believed that his action was necessary to avoid an imminent threat of death or serious bodily injury to himself or others; (2) the defendant did not intentionally or recklessly place himself in a situation in
 
 *271
 
 which it would be probable that he would be forced to choose the criminal conduct; (3) there existed no other adequate means to avoid the threatened harm except the criminal conduct; (4) the harm sought to be avoided was more egregious than the criminal conduct perpetrated to avoid it; and (5) the defendant ceased the criminal conduct as soon as the necessity or apparent necessity for it ended.
 

 Id.
 

 In determining the appropriateness of the instruction, the trial court should “examine the evidence in the light most favorable to the defendant to decide whether the necessary elements of the defense have been placed before the jury.”
 
 Mickel v. State,
 
 929 So.2d 1192, 1196 (Fla. 4th DCA 2006); see
 
 also Mathis,
 
 973 So.2d at 1157 (Fla. 1st DCA 2006).
 

 In the instant case, however, no evidence was presented establishing appellant’s reasonable belief that there was an immediate threat of serious bodily injury to him. First, all witnesses at trial testified that they did not observe anyone actually chasing appellant. Second, appellant did not testify as to his alleged belief. Third, the testimony regarding appellant’s prior action at a party that evening did not establish that appellant was placed in fear for his safety. Because insufficient evidence was presented establishing that appellant’s actions were the result of a reasonable fear for his safety, all elements of the necessity defense were not established, and thus, the trial court did not err in denying the requested instruction. We therefore affirm.
 

 AFFIRMED.
 

 ALLEN and DAVIS, JJ., concur.