[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12418
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00259-UA-DNF

JAMES L. BROWN,

Plaintiff-Appellant

versus

WARDEN,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 2, 2014)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

James Brown, a pro se Florida state prisoner, appeals the district court's

dismissal of his 28 U.S.C. § 2254 habeas corpus petition, raising various issues,

including ineffective assistance of trial counsel. On appeal, a certificate of appealability ("COA") was granted with respect to the following issue:

> Whether the district court erred in denying Claim One of Brown's federal habeas petition in which he asserted that his trial counsel was ineffective for failing to request a jury instruction on the justifiable use of deadly force.

In ruling on this claim in his state post-conviction proceedings, the state court concluded that Brown had not suffered prejudice from trial counsel's failure to request the deadly force self-defense jury instruction and therefore was not entitled to habeas relief. On federal habeas review, the district court concluded that the state court's decision to reject Brown's ineffective assistance of counsel claim was not contrary to or an unreasonable application of federal law. In this appeal, Brown argues that the district court erred in denying habeas relief on this claim. After thorough review, we affirm.

Federal courts cannot grant federal habeas relief unless a state court's decision was (1) contrary to or an unreasonable application of clearly established federal law as defined by the Supreme Court or (2) based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). We review the district court's decision de novo, but we owe deference to the final state habeas judgment. Hall v. Thomas, 611 F.3d 1259, 1284 (11th Cir. 2010).

The merits of an ineffective-assistance-of-counsel claim are governed by the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). See

2

Williams v. Taylor, 529 U.S. 362, 390 (2000). Under Strickland, a petitioner must show both (1) that his "counsel's performance was deficient" and (2) that "the deficient performance prejudiced the defense." 466 U.S. at 687. A court does not need to approach the ineffective assistance of counsel inquiry in a certain order, or even address both prongs of the inquiry, if the prisoner makes an insufficient showing on one prong. Id. To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Whether defense counsel erred by not requesting a specific jury instruction depends on the state law that governed the defendant's trial. See Williams v. State, 598 F.3d 778, 800-02 (11th Cir. 2010) (in a habeas corpus action, relying on Alabama law to establish whether jury instructions were properly given). Pursuant to Florida law, defense counsel is not ineffective for failing to request a jury instruction that is not warranted by the evidence. Bertolotti v. State, 534 So.2d 386, 387 (Fla. 1988).

Under Fla. Stat. § 784.045, "[a] person commits aggravated battery who, in committing battery: (1) Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or (2) Uses a deadly weapon." Deadly force is defined as "force that is likely to cause death or great bodily harm," and includes but is not limited to use of a firearm. Fla. Stat. § 776.06. The

3

Florida jury instruction for the justifiable use of deadly force provides that "[a] person is justified in using deadly force if" he reasonably believes that such force is necessary to prevent "imminent death or great bodily harm" or the imminent commission of a forcible felony. See Jury Instruction 3.6(f), http://www.floridasupremecourt.org/jury_instructions/instructions.shtml#.

"Where a defendant asserts self-defense, if the defendant used force that is deadly or nondeadly as a matter of law, the court need only give the applicable jury instruction." Caruthers v. States, 721 So.2d 371, 371 (Fla. 2d Dist. 1998). "If the evidence does not establish that the force used by the defendant was deadly or nondeadly as a matter of law, then the jury should decide the question and the defendant is entitled to instructions on both justifiable use of deadly force and justifiable use of nondeadly force." Grimsely v. State, 939 So.2d 123, 124 (Fla. 2d Dist. 2006). "The only act that has been deemed deadly as a matter of law is that of firing a firearm." Caruthers, 721 So.2d at 371. In Caruthers, the District Court of Appeal for the Second District of Florida concluded that it was error to refuse an instruction on the justifiable use of nondeadly force in an aggravated battery case involving a weapon that was not deadly as a matter of law. Id. at 372; see also Michel v. State, 989 So.2d 679, 681-82 (Fla. App. 4th Dist. 2008) (concluding that counsel was ineffective when the evidence did not establish, as a matter of law,

4

whether the force used by the defendant was deadly or non-deadly and counsel failed to request an instruction on the justifiable use of non-deadly force).

In this case, the district court did not err in denying Brown habeas relief on his claim that he received ineffective assistance of counsel when counsel failed to request an instruction on the justifiable use of deadly force.  Among other things, Brown has not shown that it was contrary to or an unreasonable application of federal law for the state court to conclude that Brown had not satisfied the prejudice prong of <u>Strickland</u> -- a reasonable probability of a different outcome if counsel had requested the justified deadly force instruction.  <u>Strickland</u>, 466 at 694. As the record shows, the jury was instructed on a similar self-defense claim: specifically, the judge instructed the jury to determine whether Brown was justified in using <u>non-deadly</u> force, which turned on whether Brown reasonably believed that his use of force was necessary to defend against an imminent use of force by the victim.  The judge also instructed that the defense was not warranted if Brown was guilty of burglary or had provoked the victim's use of force.

Despite receiving an instruction concerning the justifiable use of non-deadly force, the jury nevertheless found Brown guilty of aggravated battery with a deadly weapon.  This verdict means that the jury concluded that Brown lacked the legal justification to use non-deadly force to defend himself against the victim.  In reaching this conclusion, the jury could have either disbelieved his testimony, or

disbelieved that he was justified in using force.  Either way, the jury rejected the less restrictive requirements of the justifiable use of non-deadly force -- that Brown had a reasonable belief that force was necessary to defend himself against the victim's imminent use of unlawful force.

Because the jury was given the justified non-deadly force instruction and was not convinced that Brown was justified in defending himself with <u>non-deadly</u> force, we can find no reasonable probability that the jury would have been persuaded by the more restrictive requirements of the justifiable use of <u>deadly</u> force -- that he reasonably believed that deadly force was necessary to prevent imminent death or great bodily harm.  <u>See</u> Jury Instruction 3.6(f).  Thus, as the state court reasoned, Brown has not demonstrated that if the jury had been instructed regarding the justifiable use of deadly force, there is a reasonable probability of a different outcome at sentencing.  Because Brown has failed to show <u>Strickland</u> prejudice, the state court did not reach a conclusion contrary to or unreasonably apply federal law when it rejected his ineffective assistance of counsel claim.  Accordingly, we affirm the district court's denial of § 2254 relief.

**AFFIRMED.**