PER CURIAM.
Reuben Sloan was charged with aggravated battery causing great bodily harm with a deadly weapon (count I) and false imprisonment (count II). He was acquitted of count II, but convicted of the lesser-included offense of aggravated battery with a deadly weapon in count I. The weapon used was a baseball bat, which Sloan wrestled away from and used to injure his brother. At trial, Sloan testified that his brother came at him with a bat after Sloan flushed his brother’s drugs down the toilet. His brother swung the bat at him, but Sloan was able to wrestle it away, using it on his brother to stop him from continuing the fight.
During the charge conference, Sloan sought instructions on both the justifiable *581 use of deadly force and non-deadly force; the trial court refused and insisted that Sloan choose one or the other. Sloan, noting his continued objection and thus preserving the issue, chose the instruction on justifiable use of non-deadly force. Over Sloan’s continued objection, the jury was instructed accordingly.
The State properly concedes error based on this Court’s precedents holding that a defendant is entitled to instructions on both justifiable use of deadly and non-deadly force where the “evidence fails to establish as a matter of law whether the type of force used was deadly or non-deadly,” the “only type of force that has been determined to be deadly as a matter of a law is discharging a firearm.” Mathis v. State, 863 So.2d 464, 465 (Fla. 1st DCA 2004) (citations omitted); see also Mathis v. State, 973 So.2d 1153, 1157 (Fla. 1st DCA 2006).
Here, no firearm use is at issue. Based on Sloan’s theory of defense, the absence of a firearm in the fight, and the request to be instructed on both justifiable use of deadly and non-deadly force, he was entitled to the requested instruction; the trial court’s error in failing to give the requested instruction was not harmless. See Caruthers v. State, 721 So.2d 371, 371-72 (Fla. 2d DCA 1998) (“[I]t is not harmless error where the court fails to instruct the jury on non-deadly force in an aggravated battery case involving a weapon that is not deadly as a matter of law.”) Accordingly, we reverse and remand for a new trial.
REVERSED and REMANDED.
LEWIS, C.J., WOLF, and MAKAR, JJ., concur.