WOLF, J.,
concurring.
As stated by Judge Roberts, the un-sworn letter by the victim did not involve a recantation. In addition, the letter does not serve to nullify any element of the crime. There is no indication in the letter that the victim ever gave appellant permission to go into the storage unit and remove firearms. At the most, the unsworn letter constituted mere speculation as to appellant’s motives, evidence which might be admissible at a sentencing hearing, but not at trial.
While appellant may argue the letter was evidence supporting his necessity defense, this defense fails as a matter of law. There is no evidence at trial or in the letter that the danger was imminent or that appellant did not have other reasonable options other than to break into the victim’s storage unit. See Butler v. State, 14 So.3d 269, 270-71 (Fla. 1st DCA 2009) (quoting Williams v. State, 937 So.2d 771, 772 (Fla. 1st DCA 2006) (explaining that to be entitled to a necessity instruction, appellant must show “(1) the defendant reasonably believed that his action was necessary to avoid an imminent threat of death or serious bodily injury to himself or others; (2) the defendant did not intentionally or recklessly place himself in a situation in which it would be probable that he would be forced to choose the criminal conduct; (3) there existed no other adequate means to avoid the threatened harm except the criminal conduct; (4) the harm sought to be avoided was more egregious than the criminal conduct perpetrated to avoid it; and (5) the defendant ceased the criminal conduct as soon as the necessity or apparent necessity for it ended.”) (emphasis added)).
The trial court did not err in denying the motion for new trial without an eviden-tiary hearing.