NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ARTHUR McCOMB,                          )
                                        )
        Appellant,                   )
                                        )
v.                                      )    Case No. 2D13-2166
                                        )
STATE OF FLORIDA,                       )
                                        )
        Appellee.                    )
_____ )

Opinion filed September 18, 2015.

Appeal from the Circuit Court for
Hillsborough County; Lisa D. Campbell,
Judge.

Howard L. Dimmig, II, Public Defender,
and Alisa Smith, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs
Cline, Assistant Attorney General,
Tampa, for Appellee.


NORTHCUTT, Judge.

        Arthur McComb appeals his conviction for aggravated battery. We find no

abuse of discretion in the trial court's exclusion of the recording of a 911 call, and we

affirm on that issue without further discussion. But we agree with McComb that his trial

counsel provided ineffective assistance by failing to obtain a jury instruction on the justifiable use of nondeadly force. Accordingly, we reverse.

The charge arose from a fight between McComb and his roommate, Heath Stenson. Stenson was ten years younger than McComb, seven inches taller, and about 150 pounds heavier. Stenson decided to move out, and he had collected most of his belongings. All that remained was a television. McComb claimed that it was now his television because Stenson had failed to repay a loan. Stenson denied owing McComb any money. He testified that, as he bent over to unhook the cable box, McComb hit him twice in the back of the head with a heavy duty flashlight. Stenson said he stood up, pushed McComb out of the way, and went outside.

McComb acknowledged the disagreement over the television, but he claimed that Stenson instigated the fight. According to McComb, Stenson sent him flying across the room and then came at him with the flashlight. When Stenson dropped the flashlight, McComb grabbed it. He hit Stenson once as Stenson was leaning over him. When the fight occurred, the two men were alone in the room.

The combatants exited the building and traded accusations about who assaulted whom. Stenson testified that he tried to call 911 but passed out; his girlfriend called instead. McComb also called 911, although a neighbor urged McComb to leave because he would be going to jail. According to the neighbor, McComb claimed that Stenson had assaulted him.

At trial, McComb's attorney asked for a jury instruction on the justifiable use of deadly force during the initial charge conference, and the trial court agreed. After closing arguments, the court reviewed the corrected instructions with the attorneys, at

which time they also discussed the instruction on justifiable use of nondeadly force. Inexplicably, however, the court failed to read that instruction to the jury. Thus, the jury was instructed only on the justifiable use of deadly force. McComb's counsel did not object to the instructions as read. McComb was convicted of aggravated battery with a deadly weapon and sentenced to prison. On appeal, he argues that his trial counsel provided ineffective assistance when she failed to object to the omission of the jury instruction on justifiable use of nondeadly force. We agree.

Clearly, McComb was entitled to the instruction. See Caruthers v. State, 721 So. 2d 371, 371-72 (Fla. 2d DCA 1998) ("[W]hen the evidence fails to establish whether the force used was deadly or nondeadly as a matter of law, the question must be determined by the jury. The only act that has been deemed deadly as a matter of law is that of firing a firearm." (citing Stewart v. State, 672 So. 2d 865, 868 (Fla. 2d DCA 1996))). The jury's finding—that McComb used a deadly weapon—does not negate his right to the instruction. "Deadly force occurs when the natural, probable, and foreseeable consequences of the defendant's acts are death. . . . It is the nature of the force that must be evaluated . . . ." Stewart, 672 So. 2d at 868 (holding that defendant was entitled to instruction on justifiable use of nondeadly force, but not to instruction on deadly force, when defendant used a deadly weapon, a gun, but only waved it without firing it); see also Michel v. State, 989 So. 2d 679, 681 (Fla. 4th DCA 2008) ("A deadly weapon, such as a knife, can be used without deadly force.").

The Fourth District confronted a similar issue in Michel. In that case, the defendant and the victim offered competing versions of their fight, with the defendant claiming self-defense. The trial court instructed only on the justifiable use of deadly

force, and defense counsel did not object. But he later filed a motion for new trial asserting that he had erred by failing to request an instruction on nondeadly force. On appeal, the Fourth District concluded that this was ineffective assistance of counsel on the face of the record because "it is patently unreasonable to fail to request an instruction that provides a legal defense to undisputed facts." 989 So. 2d at 681. Michel was prejudiced because defense counsel's error deprived him of a defense. Id.

Likewise in this case, defense counsel's error deprived McComb of a defense. As instructed, the jury could have believed that Stenson was the aggressor but rejected McComb's self-defense claim because Stenson did not present a threat of "imminent death or great bodily harm" that would justify resorting to deadly force. If the jury had been instructed on the justifiable use of nondeadly force, it would have been called on to decide whether McComb faced an imminent use of unlawful force that justified his resort to nondeadly force in self-defense.

A claim that defense counsel was ineffective is seldom cognizable on direct appeal. But such review is appropriate when counsel's failure is "apparent on the face of the record and it would be a waste of judicial resources to require the trial court to address the issue." Forget v. State, 782 So. 2d 410, 413 (Fla. 2d DCA 2001) (quoting Blanco v. Wainwright, 507 So. 2d 1377, 1384 (Fla. 1987)). An attorney provides ineffective assistance when the attorney's performance does not meet the standard of reasonable professional assistance and there is a reasonable probability that the outcome of the trial would have been different but for the unsatisfactory assistance. Id. (reversing on direct appeal based on ineffective assistance appearing on the face of the record when counsel failed to request a jury instruction pertinent to

- 4 -

the only evidence that would support the conviction).  As was the case in <u>Michel</u>, both prongs are met here.  We reverse McComb's conviction and remand for a new trial.

Reversed and remanded.


BLACK and SALARIO, JJ., Concur.