NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TONY ERIC DUPIN,                               )
                                               )
            Appellant,                         )
                                               )
v.                                             )      Case No. 2D16-4413
                                               )
STATE OF FLORIDA,                              )
                                               )
            Appellee.                          )
_____)

Opinion filed April 4, 2018.

Appeal from the Circuit Court for Charlotte
County; Donald H. Mason, Judge.

Howard L. Dimmig, II, Public Defender, and
Ivy R. Ginsberg, Special Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.

KELLY, Judge.

         Tony Eric Dupin appeals from his judgment and sentence for aggravated

battery with a deadly weapon (a knife).  He argues that his trial counsel's failure to

object to the absence of a jury instruction on justifiable use of nondeadly force

constituted ineffective assistance of counsel.  While it is rare that a claim that defense

counsel is ineffective will be considered on direct appeal, a defendant may raise it if the "ineffectiveness is apparent on the face of the record and it would be a waste of judicial resources to require the trial court to address the issue." Blanco v. Wainwright, 507 So. 2d 1377, 1384 (Fla. 1987). Counsel's performance in this case meets that standard. See McComb v. State, 174 So. 3d 1111, 1113 (Fla. 2d DCA 2015) (finding ineffective assistance of counsel on the face of the record where counsel's failure to request an instruction on justifiable use of nondeadly force deprived the defendant of a defense); see also Michel v. State, 989 So. 2d 679, 681 (Fla. 4th DCA 2008) (same). Accordingly, we reverse and remand for a new trial.

Reversed and remanded.

CASANUEVA and KHOUZAM, JJ., Concur.